(Decided 11th June, 1889.)

## James E. McCracken *vs.* State of Maryland.

*Sale of Liquor on Election day—Construction of Statutes.*

Section 264, of Article 4, of the Code of Public Local Laws makes the sale of liquor in the City of Baltimore on an election day unlawful, and any person violating this section is made liable to a forfeiture of his license, if he shall have taken out one, and to

McCracken *vs.* State.

be disqualified from taking out any other license for the sale of liquor for the space of five years, and also to a penalty of five hundred dollars, to be recovered by the "board of police by civil action in the name of the State." The Act of 1880, ch. 211, (Article 38, section 1, of the Code of Public General Laws) re-enacted at the same time, declares that the penalty for such offence shall be recovered by indictment. HELD:

1st. That these enactments being clearly irreconcilable, the Local Laws must, under section 10, of Article 1, of the Code of Public General Laws, prevail; and the pecuniary penalty could only be collected by civil action in the name of the State.

2nd. That under an indictment, under section 264, of Article 4 of the Code of Public Local Laws, for selling liquor in the City of Baltimore on an election day, it was entirely proper for the Court, upon the conviction of the offender, to impose the penalty affixed by the statute, even though the pecuniary part of that penalty could only be recovered subsequently by a civil action.

APPEAL as upon Writ of Error, from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, STONE, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*Lewis Hochheimer,* for the appellant.

*William F. Campbell, Deputy State's Attorney for Baltimore City,* for the appellee.

McSHERRY, J., delivered the opinion of the Court.

James E. McCracken was indicted in the Criminal Court of Baltimore under *sec.* 264, *Art.* 4, *Code of Public Local Laws,* for selling liquor on an election day. He pleaded not guilty, was tried before the Court without a jury and was convicted. Thereupon the following sentence was imposed, "that James E. McCracken's

license be forfeited, and that he be disqualified from taking out any license for the period of five years, and that he pay a fine of five hundred dollars, and costs amounting to nineteen dollars and sixteen cents, to the State of Maryland, and the parties entitled thereto.'' A motion was made the same day asking the Court to strike out that part of the judgment and sentence imposing the fine of five hundred dollars. This motion was overruled, and a petition was at once filed assigning errors and praying that the record be removed to the Court of Appeals as upon writ of error. The record has accordingly been brought to this Court and is now before us. The section under which the indictment was framed reads as follows: ''It shall be unlawful to keep open in the said city on any election day any drinking establishment or bar-room, or any grog-shop whatsoever, or to furnish any spirituous or fermented liquor therein or therefrom; and any person who shall be guilty of violating this section, or of retailing or dispensing any spirituous or fermented liquors on any election day in said city, shall, on conviction thereof, forfeit his license, if he shall have taken out any, and be disqualified from taking out any other license for the sale of such liquors for the space of five years thereafter, and shall, moreover, be liable to a penalty of five hundred dollars, to be recovered by said board of police by *civil action* in the name of the State'' * * *

The sole ground of error assigned is that the Criminal Court was without jurisdiction to impose the fine; or, in other words, that under the statute the pecuniary penalty can only be recovered in a *civil action* by the board of police in the name of the State, and cannot, therefore, be imposed as was done. On the part of the prosecution it has been insisted that the *Act of* 1880, *ch.* 211, as construed by this Court in *Snowden vs. State,* 69 *Md.,* 203, provides that the mode of proceeding in all such cases shall be by indictment. That Act declares that where

McCracken *vs.* State.

any fine or penalty is imposed by any Act of Assembly for the doing of any act forbidden to be done, or for omitting to do any act required to be done, the doing of such act or the omission to do such act, shall be deemed a criminal offence, to be punished, in Baltimore City, after trial in the Criminal Court at its Saturday sessions, or by indictment therein, and in the counties by indictment in the Circuit Courts. In *Snowden vs. State* it was held that, "in all instances, proceedings for the recovery of fines must be by indictment," and that, in the case then being considered, there was nothing in the language of the statute before the Court at that time that made the manner of its enforcement an exception. But there has been a material change in the statute law of this State since the date of that decision. Before the Code of 1888 became operative, the *Act of* 1880, *ch.* 211, undoubtedly so far modified the section under which this indictment was framed—being section 217 of Art. 4, of the Local Code of 1860—as to require that the prescribed penalty should be recovered by indictment only. The Code, though adopted by the General Assembly of 1888, did not go into effect until the 1st of February, 1889. When it became the law of the State it superseded all other legislation. *Act* 1888, *ch.* 74, *sec.* 3. It re-enacted in *sec.* 264 *of Art.* 4, *Local Laws*, the provisions of *sec.* 217, *Art.* 4 *of the former Local Laws of* 1860. At the same time it re-enacted in the General Laws the *Act of* 1880, *ch.* 211; and they thus both became operative from the same date. They are unmistakably in conflict. The one declares that the penalty shall be collected by *civil action*, not by *"suit"* as in *Snowden's Case;* the other that it shall be recovered by *indictment*. It was entirely within the power of the Legislature to make these dissimilar provisions, and we are bound to presume it was done for sufficient and satisfactory reasons. But these enactments being clearly irreconcilable, the Local Law must, under *sec.* 10, *Art.*

1 of the General Laws, prevail.    As a consequence, the pecuniary penalty can only be *recovered* in this and other cases under this statute, by *civil action* in the name of the State.

But it does not follow that the sentence imposed upon the appellant is erroneous.    It was entirely proper for the Court, upon the conviction of the offender, to impose the penalty affixed by the statute; even though the pecuniary portion of that penalty could only be *recovered*, that is, *collected*, subsequently by a civil action.    A conviction, according to the terms of the statute, must necessarily precede the enforcement of the penalty; and a conviction fixes the liability of the party accused.    The sentence merely announced or formally declared that liability, and did not attempt to enforce the payment of the penalty by imprisonment, as provided by the *Act of* 1880, *ch.* 211.    No punishment not warranted by law was inflicted on the appellant; and the mere circumstance that the statute points out a particular mode by which the fine shall be collected, does not render void the declaration by the Court of the accused's liability to pay that fine.    When the party indicted is declared, by the sentence following conviction, liable to the fine, the Act designates the manner in which that fine shall be collected.    There is a broad difference between the imposition and the collection of the fine; and there is an equally broad distinction between the power to impose it and the mode of collecting it.    It cannot be imposed until after a verdict of guilty; it cannot be collected until imposed.    Its imposition has nothing to do with the mode of its collection; and its collection is by a process different from that which preceded and resulted in its imposition.    The power to impose has been confounded with the mode of enforcing; and because the latter is expressly declared to be by civil action, it has been erroneously assumed that the former is denied to the Criminal Court.

We have not overlooked the fact that the Act of 1880, *ch.* 211, has been codified also in the Local Laws of Baltimore City, *Art.* 4, *sec.* 311. But this does not change the result. The Act of 1880 is a general law and its incorporation in the Local Code did not convert it into a local law.

It follows from the views we have expressed that there was no error committed by the Criminal Court in imposing the fine; and that the board of police may recover that fine in a civil action founded on the sentence. The judgment will therefore be affirmed.

*Judgment affirmed.*

(Decided 11th June, 1889.)