Hopper *vs.* Williams and Marine, Trustees.

(Decided 28th January, 1892.)

———

# HARRISON HOPPER *vs.* STEVENSON A. WILLIAMS and WILLIAM M. MARINE, Trustees.

*Trustees' Sale of Real estate—Security for Purchase money —Discretion of the Court.*

Where two trustees appointed to sell real estate are unable to agree after sale made, as to the security to be given by the purchaser, and the matter in question is submitted to the Court

upon the respective reports of the trustees, and the answer of the purchaser, it is a wise exercise of the discretion of the Court to require security to be given by the purchaser to the satisfaction of only one of the trustees.

APPEAL from the Circuit Court for Harford County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, and McSHERRY, J., for the appellant, and submitted on brief for the appellees.

*George L. Van Bibber,* and *\*E. M. Allen,* for the appellant.

*S. A. Williams,* for the appellees.

FOWLER, J., delivered the opinion of the Court.

By a decree for the Circuit Court for Harford County, Stevenson A. Williams and William M. Marine were appointed trustees to sell the real estate of the late John A. Hopper. This decree was in the usual form, and provided, among other things, that the credit payments should be secured by the notes or bonds of the purchaser, with surety or sureties to be approved by the trustees. At the trustees' sale the appellant, Harrison A. Hopper, became the purchaser of the whole of the said real estate for $13,775, but he failed to furnish security for the payment of the purchase money, as required by the trustees. After some delay he asked a further extension of time for giving security, which both of the trustees decided to grant.

*Present, but took no part in the argument.

The appellant having eventually failed to comply with the terms of his contract, one of the trustees, Mr. Williams, reported that fact to the Court for its action. The other trustee, Mr. Marine, also reported the sale, and further stated in his report that the purchaser had not furnished the security required, because he is or claims to be the owner of five-sixths of the proceeds of sale, either by deeds of conveyance from or claims against the other heirs-at-law; and suggested to the Court that the purchaser should not be required to give security for more than one-sixth of the purchase money or proceeds of sale.

The claim of the purchaser thus advanced by one of the trustees was denied by the other, and a mortgage for $5,000, covering all the purchaser's interest in said real estate, was filed among the proceedings, and by order of the Court the mortgagees were made parties, and the auditor was directed to allow the mortgage debt and interest out of the purchaser's share of the proceeds of sale.

The trustees having been unable to agree as to the security to be given by the appellant as purchaser, the matters in question between them were submitted to the Court upon their respective reports, and the answer of the purchaser.

After a full hearing it was ordered that the purchaser should give security satisfactory to one of the trustees for faithful compliance with the terms of sale, on or before a certain day, and that in the event of his failure so to do, the trustees should proceed to resell the said real estate.

From this order the purchaser has appealed.

It will be observed that the second sale was not to be made at the risk of the appellant.

We think it clear it was a very wise exercise of the discretion of the Court below to require security to be

given to the satisfaction of only one of the trustees. Under the circumstances of this case that Court could have determined exactly what security the appellant should give, and such determination would have been absolutely binding upon the trustees. Only one of the trustees, Mr. Williams, was ordered to act in approving the security, this course being necessary in order to avoid another difference of opinion between them, and a further, and perhaps indefinite prolongation of the proceedings. We see no difficulty in the fact that the security was to be approved by only one of the trustees.

Of course, it is well settled that ordinarily joint trustees must all join in any sale, lease, or other disposition of the trust property, and also in receipts for money payable to them in respect of their office. *Hill on Trustees,* 305; *Latrobe vs. Tiernan,* 2 *Md. Chanc. Dec.,* 480.

This, says Chancellor JOHNSON in the last named case, is *the general doctrine.* But it is apparent this general doctrine has no more application to the facts before us, by which it appears that the trustees cannot or will not act jointly, than to the case where one of two joint trustees should die, in which latter case the survivor would have full power, by order of the Court, to act alone as surviving trustee.

This appeal, having been taken from an order passed in the exercise of the discretion of the Court below, must be dismissed.

*Appeal dismissed.*

(Decided 22nd January, 1892.)