## HIRAM M. PLEASANTON *vs.* ANTHONY H. JOHNSON ET AL.

*Affidavit of Mortgagee Necessary to the Validity of Chattel Mortgage of Property in this State Executed by a Non-resident.*

A mortgage of personal chattels situated in this State was executed by a resident of the State of Delaware to another resident of that State. The mortgage was duly recorded in this State but was without an affidavit by the mortgagee. Code, Art. 21, sec. 49, provides that no mortgage of personal property shall be valid, except as between the parties thereto, unless the affidavit of the mortgagee be endorsed thereon, that the consideration is true and *bona fide* as therein set

forth. Attachments were subsequently issued against the mortgagor and levied on the property covered by the mortgage. *Held*, that the statute is applicable to a mortgage of personal property by a non-resident, and that the mortgage in this case is invalid as against the attaching creditors.

Appeals from three judgments of condemnation of the Circuit Court for Kent County, (PEARCE, C. J., STUMP and MARTIN, JJ.

The cause was argued before MCSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*Walter J. Willis* (with whom was *Lewin W. Wickes* on the brief), for the appellant.

*James P. Gorter* and *Hope H. Barroll*, for the appellee.

BOYD, J., delivered the opinion of the Court.

Three attachments were issued out of the Circuit Court for Kent County against Leonard G. Vandergrift, Jr., and were levied on personal property in that county, which was included in a mortgage previously executed by Vandergrift to Hiram M. Pleasanton, both of whom are residents of the State of Delaware. Mr. Pleasanton intervened in the attachment cases as claimant, and the question presented is whether the mortgage, which was executed in Delaware, in accordance with the laws of that State, on personal property then in this State, is valid against the attaching creditors of the mortgagor, it not having been executed in accordance with our statute. The property is described as " all the tools, implements and fixtures located in the building at Sassafras, in Kent County, State of Maryland, and used for the purpose of carrying on the creamery business at the aforesaid place (Sassafras), consisting of one twelve-horse power boiler, one eight-horse power engine," and other articles named. The mortgage does not contain an affidavit that the consideration is true and *bona fide* as therein set forth, as required by the statute. The cases were brought

to this Court in one record, there being no difference in the facts, excepting that the plaintiff in two cases is a resident of Maryland, while the other is a national bank located in Delaware, but the residence of the attaching creditors is immaterial under the view we take.

The *situs* of personal property is, for most purposes, the domicile of the owner and hence this Court has in a number of cases, recognized the validity of assignments for the benefit of creditors, executed in other States in accordance with the laws thereof, to pass title to personal property in this State. *Houston* v. *Nowland,* 7 G. & J. 480; *Wilson* v. *Carson,* 12 Md. 54; *B. & O. R. R. Co.* v. *Glenn,* 28 Md. 287; *Moore* v. *Title Company,* 82 Md. 288. But in the case last cited it was said " there can be no doubt that each State has the right to regulate the transfer of personal property owned by non-residents but situate within its limits, and it is held that although a foreign contract or assignment may be valid in the State where made, it will not be enforced in another, if repugnant to the law or policy of the latter State," and the same doctrine is announced in other cases. The fact that the mortgagor and mortgagee reside in the State where the mortgage is executed does not prevent the application of this principle. *Green* v. *Van Buskirk,* 7 Wall. 139; *Hervey* v. *R. I. L. W.,* 93 U. S. 664.

It is undoubtedly the policy of this State to require mortgagees to make affidavit of the *bona fides* of the consideration mentioned in mortgages in order to give them priority over other creditors. Our statute requiring that to be done has proven to be a wise and salutary one, for there have been instances where the parties might not have been influenced by motives of honesty and fair dealing, but were deterred by fear of the penalties imposed for perjury from making mortgages and bills of sale for feigned considerations. The tendency of our legislation has, therefore, been to enlarge, rather than to limit, the operation of such laws. When the case of *Wilson* v. *Carson, supra,* arose, there was no provision for the record, within twenty days, of transfers of per-

sonal property, whereof the vendor, mortgagor or donor remained in possession, if he resided out of the State, and hence it was held that the statute then in force was not applicable to instruments executed by such persons. But now by section 44, of Art. 21, of the Code, it is provided that "if the vendor or donor resides out of the State, and the personal property conveyed by such bill of sale is located in this State, then such bill of sale shall be recorded in the county where such property is located or in Baltimore City, if it be located in said city, within twenty days from the date of such bill of sale." The next section provides that "a mortgage of personal property shall be executed, acknowledged and recorded as bills of sale." The statute has thus not only provided for the place where it can be recorded, but it requires that if the vendor or donor resides out of the State it "shall be recorded in the county where such property is located," and section 40 of that Article provides that "no personal property, of any description whatever, whereof the vendor, mortgagor or donor shall remain in possession shall pass, alter or change, or any property therein be transferred to any purchaser, mortgagee or donee, unless by bill of sale or mortgage, acknowledged and recorded as herein provided." This mortgage was recorded in Kent County within twenty days from its date, but by section 49 of Art. 21, "No bill of sale or mortgage of personal property shall be valid except as between the parties" unless such person as is therein named make the affidavit required to be made by mortgagees of real estate, and there is no such affidavit to this mortgage.

It would, therefore, not only be repugnant to the policy of this State, but contrary to the very letter of the statute, if this mortgage be upheld and declared superior to the attachments issued by parties who are not shown by the record to have had any notice of the existence of the mortgage when the debts due them were incurred. There is no absolute right to require the recognition of the laws of one State, in the administration of justice by the Courts of an-

other State, but the party seeking to apply the laws of a foreign State must depend on comity alone. While that should be freely extended in proper cases, it would be in effect permitting the one State to legislate for the other, on that important subject, if the statutes of the latter must yield to those of the former affecting the transfers of property. The interests of the citizens of one State, as well as comity, may require the Courts of another State to recognize and give effect to a general assignment for the benefit of all creditors, but in this country, where the residents of different States constantly have business relations with each other, it is to the advantage of all that statutes made to prevent fraud and to protect the public, such as recording acts, be upheld when that can properly be done. As in our opinion the statute is applicable to this mortgage, it is not necessary to prolong this opinion or cite further authorities. The judgment in each of the three cases will be affirmed.

> *Judgment affirmed in each case, the appellant to pay the costs.*

(Decided November 15th, 1900.)