# SAMUEL W. ERB *vs.* E. OLIVER GRIMES, JR.

*Re-incorporation Under Code of Corporations Previously Formed—Construction of the Code—Change in Name of the New Corporation—Name of Situs of Corporation—Assignment of Mortgage and Power of Sale—Proceedings Under Mortgage Power of Sale.*

Corporations created before 1888 under the Act of 1868, ch. 471, are entitled to be re-incorporated under the provisions of the Code of 1888, Art. 23, secs. 81 *et seq.*, which codify said Act of 1868, and provide for the re-incorporation of corporations "heretofore formed."

The Code of Public Laws adopted in 1888 is not merely a revision or arrangement of the laws then in force, but is a substitute for them, and is primarily to be construed according to the natural meaning of its own language. Provisions relating to time found in the Code are not necessarily to be referred to the dates of the enactment of the laws therein codified.

When a mortgage containing a power of sale is assigned by a corporation to an individual, the power may be exercised by the assignee.

When a mortgage has been assigned by the executor of the mortgagee, and the assignee makes a sale of the mortgaged property under Code, Art. 66, sec. 7, it is not necessary to file in the proceedings, before the sale, a certificate of the grant of letters testamentary to the executor.

Art. 23, sec. 81 of the Code, adopted in 1888, is a codification of the Act of 1868, ch. 471, and, in the language of that Act, provides that "any corporation *heretofore formed* under the general laws of the State or under any special Act" may cause itself to be incorporated under this Article. Sec. 83 directs that the certificate of re-incorporation shall state both the proposed name of the new corporation and the former name of said corporation. Sec. 84 provides that when the new certificate shall have been duly certified and recorded, the former charter shall be deemed to be surrendered and all the property belonging to the former corporation shall be devolved upon the new one, which shall be regarded as substituted therefor. The Westminster Savings Institution was incorporated in 1869 under the said Act of 1868. After the adoption of the Code, containing the above-mentioned provisions, that corporation was re-incorporated thereunder as the Westminster Savings Bank. The former corporation was the holder of a mortgage which was subsequently assigned by the Savings Bank to a purchaser. Upon exceptions to a sale made by the assignee under the mortgage, it was objected that the Savings Institution was not authorized to be re-incorporated under the Code, and that the Savings Bank did not become entitled to the mortgage. *Held,*

1st. That the provisions in section 81 of Article 23 of the Code, author-izing corporations *heretofore formed* to be re-incorporated, is not lim-ited to corporations formed before the passage of the Act of 1868, codi-fied in that section, but is applicable to the Savings Institution which was incorporated in 1869 prior to the adoption of the Code.

2nd. That when a company is re-incorporated it is not bound to continue to use identically the same name it originally bore, and the change of name of said corporation from the Westminster Savings Institution to the Westminster Savings Bank is valid.

3rd. That the addition of the words "of Carroll County" to the name of the new corporation was not necessary, since the name *Westminster* (a city in Carroll County) answers the purpose of the provision of Code, Art. 23, sec. 83, directing that the name of the new corporation shall include the name of the county or city in which it may be formed.

4th. That the title to the said mortgage passed to the Savings Bank and from it to the assignee together with the power of sale, which was val-idly exercised.

Appeal from an order of the Circuit Court for Carroll County (JONES, C. J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, PEARCE and SCHMUCKER, JJ.

*Richard S. Culbreth* and *Jno. Milton Reifsnider*, for the ap-pellant.

It is contended on the other side that the Savings Institution did not cause itself to be incorporated as The Westminster Savings Bank under sections 74, etc., of the general incor-poration Act of 1868, which became effective on the 30th of March of that year, but under sections 81 to 84 of the Code of Public General Laws, and that to the date of the Code, and not to the date of the Act the language "any corpora-tion heretofore formed" is to be referred. Assuming this contention to be a reasonable one, the appellant meets it with the following propositions :

1. That the provisions of the Code relating to corporations are substantially the same as those of the Act of 1868. The one is, in fact, the codification of the other.

2. That while there have been amendments to the Act, yet

such amendments restrict or regulate the exercise of the powers of corporations rather than enlarge them.

3. That corporations formed before the Act were not affected by the Code, because the power of re-incorporating themselves was one which they already possessed.

4. That if any corporations were affected, they were such only as were formed after the Act.

5. That such corporations being incorporated under the Act, the provisions of which are the same as those of the Code, they could not possibly derive any advantage from re-incorporating themselves, excepting that of extending their terms of existence.

6. That, thus, by the construction contended for by the appellee, the effect of the Code was to authorize all corporations formed after the Act to exceed the term of forty years, and thereby to remove a limitation which was imposed by the Act, and has been preserved by the amendments thereto and by the Code itself.

7. That such construction necessarily implies that between the dates of the Act and the Code, a corporation could be formed by special Act in cases where a general law existed for the creation of corporations of the same general character.

8. That such construction is, therefore, erroneous, because it defeats a well-settled policy of the law and violates an express constitutional provision.

It is true, that by the Act of 1888, ch. 74, the Code was approved, adopted and declared to be the Code of Public General Laws of this State, in lieu of and as a substitute for all Public General Laws of this State in force on the first Wednesdry of January, in the year eighteen hundred and eighty-nine; and that the Code superseded all other legislation, as in the *McKinstry case,* 75 Md. 191, where there was omitted in the Code a section of the Act; and as in the *McCracken case,* 71 Md. 153, where the Act was changed. But it has not been decided that, in cases where the provisions of the Code and the provisions of the Act are the *same,* a date clearly indicated in the Act to be the date of the Act, is to be construed to be the date of the Code.

In construing statutes it will be presumed that the Legislature did not mean to do something which is " an unmeaning absurdity;" *Patterson* v. *Wilson*, 6 G. & J. 502; or "*without solid reason;*" *Green* v. *State*, 59 Md. 135; or "*unconstitutional;*" *Temmick* v. *Owings*, 70 Md. 251; or "*nugatory;*" *Jones* v. *State*, 70 Md. 328; or "*wholly inadequate;*" *Riley* v. *Carter*, 76 Md. 611.

So, a section of the Code may be considered in the light of the original Act from which it was codified and with reference to the time and circumstances under which the law was passed. *Maurice* v. *Worden*, 52 Md. 294; *Dorsey* v. *Garey*, 30 Md. 499; *Hooper* v. *Creager*, 84 Md. 248. " The Code was intended mainly as a revision or embodiment of pre-existing statutes." *Rice* v. *Hoffman*, 35 Md. 351. " A result which may follow from one construction or another of a statute is always a potent factor, and is sometimes in and of itself conclusive as to the correct solution of the question as to its meaning." *Roland Park Co.* v. *The State*, 80 Md. 453.

If sections 81 to 84 do not apply to corporations formed before the date of the general incorporation Act, the certificate incorporating The Westminster Savings Institution as The Westminter Savings Bank amounts to nothing, and there is no such corporation as The Westminster Savings Bank, unless, under the authority of the Judge's certificate, as was held by the Court below, it be a *de facto* corporation ; or the certificate of incorporation can be held to operate as an amendment of the certificate of The Westminster Savings Institution, or as an original certificate of incorporation of The Westminster Savings Bank.

Section 84 provides " that the said certificate shall be thereupon submitted to judicial inspection, as required by section 43 of this Article, and shall be certified and recorded as required by section 44 of this Article." Section 43 provides " that when said certificate is executed, it shall be the duty of the persons executing the same to submit it to one of the Judges of the Judicial Circuit * * * in order that the said Judge may determine whether the said certificate is in

conformity with the law; and such determination, when certified by the said Judge as required by the next succeeding section, shall be conclusive evidence that such certificate does conform to the law." Section 44 provides " that if the said Judge shall so determine, he shall certify· his said determination upon the said certificate, which shall thereupon be recorded," etc.

But this certificate is not final and conclusive. *Oler* v. *R. Co.*, 41 Md. 590.

There is no question in this case as to the mere form of proceedings. If ·it be assumed that sections 74, etc., apply, it was properly determined by the Judge that the certificate of The Westminster Savings Bank was in conformity therewith. But the question is—do those sections apply ? Was The Westminster Savings Institution a corporation created under the general incorporation Act, one of the class of corporations which could recreate themselves under that Act? This question, clearly, is not one of form but of ·substance, and as it is a question of the legal existence òf the corporation, it is properly before the Court on this appeal. If the Judge's certificate be conclusive, the legal existence of a corporation would not be always open to inquiry. But this Court has decided that it is. *Maryland Tube Works* v. *West End Imp. Co.*, 87 Md. 215.· Again, if the Judge's certificate be conclusive evidence of the legal existence of a corporation, a condition of things would be presented, which would be not only inconsistent with, but flagrantly in violation of the letter and spirit of the general incorporation Act.

*Edgar H. Gans* and *C. T. Reifsnider* (with whom was *E. Oliver Grimes, Jr.*, on the brief ), for the appellee. ·

1. Appellant contends that the language of section 81 of Article 23, to wit: " Any corporation *heretofore* formed under the general laws of this State, etc.," applies only to corporations formed prior to March 30th, 1868, the date òf the approval of the Act of 1868, chapter 471, which was the first general revision of the laws relating to corporations. This

contention might have some force if the Code was a mere arrangement of existing laws, so that the laws continued to exist as laws, by virtue of their original enactment. It has no force whatever if the sections of the Code are *new laws*, deriving their effective force and power as laws from the Legislature of 1888. If Article 23, section 81 is a new law, it speaks from the time it goes into effect as a law, which has been decided to be February 1st, 1889 (*McCracken* v. *State*, 71 Md. 150), and therefore by the simple and natural construction of words "any corporation heretofore formed" means any corporation formed prior to February 1st, 1889.

Now, it is perfectly clear for several reasons that the Code is a new body of laws, superseding all former laws, getting its effect as law from the Legislature of 1888, and not a mere arranged compilation of existing laws. (*a.*) The Act of 1888, chapter 74, expressly provides that the Code shall be the Code of Public General Laws in lieu of and as a substitute for all public laws in force the first Wednesday of January, 1889; and section 3 of the same Act provided upon certain deposit with the Clerk of the Court of Appeals, with certificate and notice, the reprint shall constitute and be the sole Code of Public General Laws of this State, and shall supersede and stand in the place of all public laws of this State whatsoever. (*b.*) It has been expressly decided that the Code superseded all other legislation, and any prior laws re-enactd became operative as laws from the date the Code went into operation. *McCracken* v. *State*, 71 Md. 153.

(*c.*) Words like *heretofore* have reference to the time the statute became effective as a law. 23 *Amer. & Eng. Ency.*, 218.

(*d.*) The codifier was careful to change the language of a statute containing the words "hereafter" or "heretofore" or other equivalent expressions, whenever it was intended to preserve the date which these words signified prior to the adoption of the Code. Thus "hereafter executed" in the Act of 1886, ch. 236, becomes "executed after the 7th day of April, 1886," in Code, Article 21, section 83. " Previous to the passage of this Act," which is equivalent to " heretofore " in the

Act of 1888, chapter 485, becomes " previous to the 5th day of April, 1888," in Code, Article 21, section 82. " Hereafter made," in the Act of 1888, chapter 395, and the Act of 1884, chapter 485, become after the 8th day of April, 1884, and "after April 5th, 1888," respectively, in Code, Article 21, section 85. " Shall be hereafter made," in the Act of 1882, chapter 385, becomes " made after May 3rd, 1882," in Code, Article 45, section 16. " Shall not apply to cases pending," in the Act of of 1880, chapter 253, becomes "shall not apply to cases pending on April 10th, 1880," in Code, Article 45, section 19. On the contrary, when it is intended that " heretofore " or " here-after " shall have their natural meaning, those words are left unchanged. *Code, Art. 23,* sections 39, 81, 303.

(*e.*) If the construction contended for by appellant were correct, then all corporations contained in classes added to the general law since 1868, would be denied the privilege of incorporation, a distinction between the various classes of corporations which the liberal policy of the corporation law would not justify. *Hughes* v. *Antietam Mfg. Co.,* 34 Md. 324.

2. *Has the law been complied with which requires the certificate to contain the name of the new corporation which shall always include the name of the county or city in which it may be formed?* The name is the Westminster Savings Bank. Appellant claims that city, in section 83 of Article 23, means Baltimore City, and that the name of this corporation should include " Carroll County," and since it does not, the corporation has no legal existence.

We dispute all these propositions. (*a.*) The name does include the name of the city in which it was formed. It was formed in Westminster, and Westminster was an incorporated city long before the formation of this corporation. *Code, 1860, Public Local Laws,* Art. 7, sec. 95; *Smith* v. *Stephens,* 66 Md. 381.

(*b.*) There is no reason why the words "county or city," found in Code 23, sec. 83 and sec. 42, should not receive their natural interpretation, nor is there any reason in the nature of the provision why " city " in those sections should mean only

" Baltimore City." The only intention in the requirement that the name " shall include the county or city where formed " is to indicate to all persons who have business with the corporation, the place of its origin, so that its charter and other papers relating to it requiring to be recorded may be readily found. And surely this intention is more closely followed by using Westminster instead of Carroll County in the name.

(*c.*) When Baltimore City is meant in the Code it is usually so designated. Art. 23, secs. 43, 44, 11, 8, 122, 137, 139, 186, 199, 204, 212, 227, 254, 255, 264, 290, 296; *Sup. Code*, Art. 23, secs. 85E, 111, 217A, 232G, 263, 296.

And in Art. 23, sec. 159, " city or cities through which road shall pass " shall be specified in certificate of R. R. Co.

(*d.*) Even if name is not correctly stated, the requirement is directory only, and not a condition precedent, and failure to perform the requirement does not prevent the corporation coming into existence. *Hughes* v. *Antietam Mfg. Co.*, 34 Md. 316; 1 *Thompson on Corporations*, sec. 228.

(*c.*) But the entire answer to the objection lies in the fact that the certificate was submitted to the Judge of the Circuit Court of Carroll County, and he certified that the certificate was in conformity with the law, which, of course, includes a judgment by the judge that the requirement as to name was complied with. And by the express terms of Code, Art. 23, sec. 43, this judgment is conclusive evidence that the certificate does conform to the law. Even as to a corporation formed prior to the Code, such certificate of the Judge would be conclusive, for the Act being an Act regulating procedure, *e. g.*, a matter of evidence, it is retroactive, and applies to all certificates of incorporation filed before its passage, when evidence of the existence of such corporation is offered after the Act went into effect. 23 *Eng. & Amer. Ency. of Law*, pages 450–1; *Holmes* v. *Hunt*, 122 Mass. 105; *Howard* v. *Moot*, 64 N. Y. 262.

Appellant has, therefore, now no standing in Court to say that the certificate of incorporation was not in conformity with law, when the certificate of the Judge is conclusive evidence that it is. The very object of section 43 is to have all these

matters settled when the corporation first comes into existence, so that incorporators, before they invest and take risks, may know that the corporation is legally incorporated.

3. It is true that the Westminster Savings Bank could not execute the power, but it is well settled that the assignee of a corporation may execute the power when the mortgage provides for its execution by assigns, and it makes do difference that the assignment was made for the purpose of the foreclosure. *Chilton* v. *Brooks*, 71 Md. 451; *Russum* v. *Wanser*, 53 Md. 96–7; *Bouldin* v. *Reynolds*, 58 Md. 495.

SCHMUCKER, J., delivered the opinion of the Court.

The appeal in this case was taken from an order of the Circuit Court for Carroll County finally ratifying the sale of a farm, located in that county, made by the appellee as assignee of a mortgage under the power of sale which it contained. Exceptions to the ratification of the sale were filed by the appellant upon various grounds, but only two of them were insisted upon at the hearing of the appeal. These two grounds of exception will be stated hereafter.

The mortgage in question was made on February 3rd, 1877, by John T. Erb and his wife to Charles T. Reifsnider by whom it was assigned on April 24th, 1882, to Apalonia Reifsnider and, she having died, it was assigned on January 10th, 1887, by her executor, John L. Reifsnider to the Westminster Savings Institution, and finally on July 25th, 1900, it was assigned by the Westminster Savings Bank to the appellee. The mortgage contained a power of sale, in case of default, in the usual form to the mortgagee, his heirs, executors, administrators and assigns.

The farm was conveyed, subject to the operation of the mortgage, by the mortgagor and his wife to the appellant on February 17th, 1879.

Default having occurred in the payment of the mortgage debt the appellee filed on the equity side of the Circuit Court the usual order to docket suit against the appellant accompanied by a bond, which the Clerk approved, and a certified copy

of the mortgage with the several assignments endorsed thereon and the original single bill secured by the mortgage. He then made sale of the farm under the power contained in the mortgage and to the ratification of that sale the exceptions before us were filed.

The appellant in his exceptions does not deny the validity of the mortgage, nor does he claim that the debt secured by it has been paid. The two grounds of exception relied upon by him relate to alleged defects in the title of the appellee as assignee of the mortgage.

The first of these alleged defects is that the mortgage was never validly transferred from the Westminster Savings Institution to the Westminster Savings Bank, because the latter never had any legal corporate existence and therefore the assignment by it to the appellee conferred no title upon him. The second supposed defect concerns, strictly speaking, the regularity of the appellee's proceedings in making the sale rather than the validity of his title to the mortgage itself. It is that the certificate of the Register of Wills of the issuing of letters testamentary on the estate of Apalonia Reifsnider to John L. Reifsnider was not filed in the mortgage proceedings until after the sale had been made. This latter ground of exception was not strenuously insisted upon in the argument of the case the substantial controversy being over the one first mentioned.

We will consider these grounds of exception in their inverse order.

It was not necessary for the appellee to file in the mortgage proceedings, in advance of making the sale, the certificate of the Register of Wills of the issue of letters testamentary to the executor of Apalonia Reifsnider. It may be a commendable practice for one about to make the sale authorized by Art. 66 of the Code of mortgaged property, under a power of sale, to file along with the bond required by section 7 of that Article, the original or certified copies of the documents constituting the evidence of his title, but the law does not require him to do so. As was said by this Court in *Heider* v. *Bladen*, 83 Md

243: " The only preliminary requisite to a sale under this Article of the Code is set forth in the seventh section. It is there enacted that before the person duly authorized shall make. any such sale he shall give bond as provided in that section. Nothing else is required to be done as a condition precedent to the sale."

We will now consider the merits of the exception chiefly relied upon by the appellants.

The Westminster Savings institution was incorporated on October 4th, 1869, under the provisions of Art. 23 of the Code then in force. The certificate used in effecting its incorporation stated that the terms of existence of the corporation was to be twenty-five years.

After the adoption of the present Code of 1888 the Savings Institution determined to embrace the opportunity thereby afforded and cause itself to be reincorporated in the manner prescribed in Art. 23. The requisite steps to that end as set forth in sections 81 to 84 of that Article were taken and a certificate of incorporation under the name of The Westminster Savings Bank was executed and, after having been submitted to the Chief Judge of the Circuit Court for Carroll County and by him certified to be in conformity with the provisions of the law authorizing the formation of the corporation, it was duly filed and recorded in the office of the Clerk of the Circuit Court. The only portions of this certificate of incorporation which are material to the present controversy are the declarations therein contained that the name of the new corporation shall be " The Westminster Savings Bank " and that the term of its existence shall be forty years. It is therefore unnecessary for us to set out the certificate at length or to state the remainder of its contents.

No assignment or formal transfer of the mortgage under consideration was ever made from the old corporation to the new one, but the latter body and the appellee as its assignee rely for title to the mortgage on the devolution thereof upon new corporation by force of the provisions of sec. 84 of Art. 23 of the Code. That section says that when the new cer-

tificate thereby contemplated has been duly certified by the Judge and recorded the corporation described therein shall be a body corporate in fact and in law under the name set forth in the certificate   *   *   *   " and the former charter of said corporation shall be deemed to be thereupon surrendered and all of the property and assets belonging to the said former corporation of whatsoever nature and description shall, upon such recording as aforesaid, be devolved upon the said new corporation which shall for this purpose be regarded as substituted by operation of law in the room and stead of said former corporation." These provisions are so full and explicit that if the Savings Institution in the present case was within the description of those designated by the Code as entitled to a re-incorporation thereunder and it complied with the terms of the law in the steps taken by it to accomplish its new incorporation, there is no room to doubt that the present mortgage and the debt thereby secured devolved upon and became the property of the new corporation prior to the assignment of them by it to the appellee.

Sec. 81 of Art. 23 in defining what organizations are intended to be embraced within its operation uses the following language : "Any corporation heretofore formed under the general laws of this State or under any special Act for any purpose for which a corporation may be formed under this Article may cause itself to be incorporated under this Article." This description is certainly comprehensive enough, if it is to be understood in its ordinary sense, to include the Westminster Savings Institution which had been formed prior to the adoption of the present Code under the then existing general law of this State.

The appellant, however, contends that the present Code is merely a revision of the laws in force at the date of its adoption, and therefore expressions found in it relating to time should be referred to the respective dates of passage of those pre-existing laws. In that connection he insists that when sec. 81 of Art. 23 of the Code declares that corporations "*heretofore formed*" may be re-incorporated under its provi-

sions it speaks as of the date of passage of the Act of 1868, ch. 471, upon which Art. 23 is based, and confers the privilege of re-incorporation only upon corporations created prior to that date. Of course if that contention be correct The Westminster Savings Bank has not been legally incorporated and the title to the mortgage in question never devolved upon it.

In support of his contention the appellant suggests that the evident purpose of permitting corporations created prior to the Act of 1868 to re-incorporate themselves under that Act was to give to them the benefit of its provisions and so place them upon an equality with such corporations as might thereafter be created under it, but that no such reason exists for allowing corporations created under the Act of 1868, as the Westminster Savings Institution was, to be re-incorporated under the Code, for they would thereby secure no advantage which they did not already possess under the Act of 1868. He further suggests that to give to corporations formed under either of these general laws the power to re-incorporate themselves would enable them not only to extend their existence beyond the limit of forty years but to perpetuate themselves and thus both defeat the settled policy of the law and nullify the express limitation to their duration which was imposed by the Act of 1868 and has been preserved by the amendments thereto and by the Code itself.

We cannot yield our assent to these contentions of the appellant. The Code of 1888 is more than a mere arrangement or codification of the laws in force at the time of its adoption. It is expressly declared by the Act of 1888, ch. 74, to stand in lieu of and as a substitute for them, and it has been so treated by this Court. *McCracken* v. *State*, 71 Md. 153; *Trustees Western Md. College* v. *McKinstry*, 75 Md. 191. It should therefore be primarily construed according to the natural and ordinary meaning of its own language if that be clear rather than by reference to earlier laws. It is true that, as was said by this Court in *Roland Park* v. *State*, 80 Md. 451, cited on the appellant's brief, " The mere words which the

Legislature may use are not always controlling. If the obvious purpose of an enactment is beyond the literal meaning of the language employed it will not be restricted in its scope * * * The real intent when ascertained will always prevail over the literal sense of the language." We have also held in other cases that every part of an Act as well as the cause or necessity for making it or even foreign circumstances would be considered in order to ascertain the intent of the Legislature. *Frazier* v. *Warfield,* 13 Md. 301; *Gill & Fisher* v. *Cacy,* 49 Md. 246; *Johnson* v. *Heald,* 33 Md. 352.

The language of sec. 81 of Art. 23 of the Code, which forms the context of the expression "heretofore formed" is in our judgment clear and manifests no. purpose on the part of the Legislature to go beyond or depart from its ordinary and literal meaning, but if we inquire into the cause and necessity for the use of that expression in the section referred to we see no reason to modify or restrict its usual significance and make it include only such corporations as were created prior to the Act of 1868.

The reason why the Legislature permitted corporations formed prior to the Act of 1868, ch. 471, to be re-incorporated under that Act could not have been merely to give them the advantages secured by its provisions. Sec. 216 of the Act substantially accomplished that purpose for such corporations without reorganization, just as sec. 303 of Art. 23 of the Code does for corporations existing at the time of its adoption. Nor is the present policy of the law any more averse to facilitating the reorganization or the continuation of the existence of corporations than it is to providing a convenient system for their original formation.

When under the then existing condition of the law a corporate charter possessed all of the elements of a contract between the State and the corporation and could not be altered without the consent of both parties to it, public policy required that the duration of corporate bodies should be limited. But since the State has by the terms of its Constitution reserved to itself the right to alter or amend at will all future corporate charters

whether formed under general laws or granted by special act, public policy has undergone a corresponding modification and every facility is now afforded to the citizens of the State to avail themselves of the supposed benefits of corporate organization in an easy and convenient manner. *Hughes* v. *Antietam Co.*, 34 Md. 324.

The Legislature in adopting the present Code frequently changed the language of the existing law when it was desired to preserve the original signification of words or expressions found therein importing limitations of time. For example "hereafter executed" relating to deeds found in ch. 236 of the Acts of 1886 appears in sec. 83 of Art. 21 of the Code as "executed after the 7th day of April 1886," and the expression "Previous to the passage of this Act" relating to creditors of a grantor or mortgagor which appears in the Act of 1888, ch. 485 is changed, in sec. 82, of the same Article of the Code, to "previous to the 5th day of April, 1881." So the words "hereafter made" relating to leases, found in ch. 485, of the Act of 1884, and ch. 395 of the Acts of 1888, respectively appear in sec. 85 of Art. 21 of the Code as "between the 8th day of April, 1884, and the 5th day of April, 1888," and "after April 5th, 1888." Similar changes of expression are found in other parts of the Code, which were evidently inserted there for the purpose of carrying out a like intention. When, therefore, we find the expression "any corporation heretofore formed" retained without change in sec. 81 of Art. 23 of the Code the presumption is that the Legislature did not intend it to refer only to corporations formed prior to the Act of 1868, which formed the basis of that section. There is nothing in the present record to change this presumption.

If the restricted meaning contended for by the appellant were to be given to the words "heretofore formed" it would follow that a corporation whose term of existence was about to expire could be re-incorporated under Article 23 of the Code and its term of existence extended for forty years, provided it has been originally formed prior to 1868, but it would

be denied that privilege if it had been formed since that date. There has been a great development of corporate activity in recent years and the corporations created in this State since 1868 doubtless far outnumber those existing at that time. It would involve a violent assumption to ascribe to the Legislature an intention to exclude all of these recent companies from the benefits of reorganization under the Code and to limit that valuable privilege to the relatively few which were formed many years ago.

The appellant also contended in the argument on the appeal that The Westminster Savings Bank was not validly incorporated for the reason that its name was different from that of the Savings Institution whose successor it claims to be, and also because the name of Carroll County in which it was formed did not form part of its official title. The Code does not require a corporation when it avails itself of the privilege of re-incorporation to continue to use identically the same name which it originally bore. On the contrary the fact that sec. 83 of Art. 23 requires the certificate of re-incorporation to state both " the proposed name of the new corporation" and " the *former name* of said corporation " indicates that it was the purpose of the Legislature to permit modifications of the corporate name to be made in the process of re-incorporation.

The obvious purpose of the requirement of Art. 23 of the Code, that the name of a corporation created under it shall always include the name of the county or city in which it is formed, was that the corporate name itself may indicate to persons dealing with the corporation the place of its location and the Judicial Circuit in which its charter and other papers required by law to be recorded may be found. When the corporation is formed in a well-known city, such as Westminster is, the name of that city answers the purpose of the law quite as fully as the name of the county in which it is located would, and it is therefore not necessary to construe the word city appearing in Art. 23 of the Code in that connection as meaning only Baltimore City. When the city of Baltimore alone is referred to in that Article it is ordinarily described

as " Baltimore City" or " the city of Baltimore." The appellee on his brief refers to sixteen distinct sections of the Article in which that designation is used and we have verified his references and find them to be correct.

We do not consider the objections of the appellant to the corporate existence of the Westminster Savings Bank tenable but we regard its incorporation as valid and effectual.

It follows that the title to the Erb mortgage and the debt thereby secured devolved upon that Bank at its formation and passed to the appellee under the assignment from it to him appearing in the record. The power of sale contained in the mortgage passed to him in like manner and he was authorized to make the sale to the ratification of which the appellant excepted.

The order appealed from will be affirmed.

*Order affirmed with costs.*