## COTTMAN *v.* WAGNER

[No. 153, October Term, 1956.]

*Decided April 10, 1957.*

The cause was argued before BRUNE, C. J., COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*R. Lewis Bainder,* with whom was *James K. Cullen, Jr.,* on the brief for appellant.

*Hilary W. Gans,* for appellee.

HAMMOND, J., delivered the opinion of the Court.

The contest which we umpire in this appeal is between two members of the gentler sex over ownership of a secretary that each of them had bought from the same vendor. The desk is not an antique and, concededly, is worth less than $300.00. Plainly, sordid considerations of money alone did not inspire this legal battle; rather, credit must be given to principle, each feeling that she has the strength of ten because her cause is just.

Mrs. Wagner, the appellee, spent the summers at Cape May and dealt regularly with one Welter, who ran an antique shop ·there in the busy season. Her purchases were charged to her account and payments were made from time to time in the summer, as Welter requested them, or the entire bill was paid at the end of the summer. On July 21, 1955, Mrs. Wagner bought the secretary for $275.00 and paid for it, and other articles she had bought, in the usual way. She intended to take delivery after Labor Day when she was ready to return to Baltimore for the winter. The secretary stayed in the Welter shop with the price tag on it and with nothing to indicate that it had been sold. Mrs. Cottman, the appellant, bought the same secretary on August 19, paying the purchase price of $275.00 by check. Mrs. Cottman gave Welter instructions to ship the secretary by truck to her home in

Baltimore. She heard nothing further for some weeks and, upon making inquiry, was told by Welter that the secretary had been seriously damaged in transit. He returned her check for the full amount of the purchase price. By then, Mrs. Cottman had discovered that Mrs. Wagner had had the secretary in her house in Baltimore. Mrs. Cottman returned the check to Welter, and filed suit in replevin against Mrs. Wagner who put up bond and regained the secretary. At the trial of the case, Judge Mason found that Mrs. Wagner was entitled to keep possession.

The rule in this country consistently has been that where two individuals buy the same chattel, the one first lawfully acquiring possession is entitled to hold it against the other, regardless of whether he be the first or second buyer in point of time. It was so held in *Lanfear v. Sumner,* 17 Mass. 110, where the Court said: "The general rule is perfectly well established, that the delivery of possession is necessary in a conveyance of personal chattels, as against every one but the vendor. When the same goods are sold to two different persons, by conveyances equally valid, he who first lawfully acquires the possession, will hold them against the other. * * * This is also the rule of the civil law." 2 *Williston on Sales,* Rev. Ed., Sec. 349, points out that early English cases to the contrary were in effect overruled when Parliament enacted a statute settling the matter in favor of the buyer who first secured delivery, even though he held under a subsequent sale, and added: "In the United States the same conclusion has generally been reached." The learned author cites a number of cases in support and concludes: "This rule is now in effect confirmed by the Sales Act." The section of the Sales Act, referred to by Williston, is part of the statute law of both New Jersey and Maryland (New Jersey Revised Statutes, Title 46, chs. 30-31; and Code, 1951, Art. 83, Sec. 43) and reads as follows:

"Where a person having sold goods continues in possession of the goods, or of negotiable documents of title to the goods, the delivery or transfer by that person, or by an agent acting for him, of the goods

> or documents of title under any sale, pledge or other disposition thereof, to any person receiving and paying value for the same in good faith and without notice of the previous sale, shall have the same effect as if the person making the delivery or transfer were expressly authorized by the owner of the goods to make the same."

Cases that have decided that the statute means what it says and that the purchaser who first acquires possession of the property is entitled to keep it, include: *Pacific Wool Growers v. Draper & Co.* (Ore.), 73 P. 2d 1391; *Tripp v. National Shawmut Bank* (Mass.), 161 N. E. 904; *Hier v. Wightman,* 188 N. Y. S. 274; *Gorman v. La Bella,* 262 N. Y. S. 345. On the question generally, see also *Patchin v. Rowell* (Conn.), 85 A. 511; and *McKee v. Ward,* (Pa.), 137 A. 599.

Mrs. Cottman does not deny the existence and applicability of the general rule but argues that delivery may be constructive as well as actual, and that the shipping instructions given by her to Welter amounted to a constructive delivery. ·We think this contention may not be maintained. The Sales Act seems to contemplate physical change of possession. Code, 1951, Art. 83, Sec. 94 (1), defines "delivery" as "* * * voluntary transfer of possession from one person to another." The cases suggest that there must be a physical change of possession. In *Hallgarten v. Oldham,* 135 Mass. 1, 9, 46 Am. Rep. 433, Mr. Justice Holmes, speaking for the Supreme Judicial Court of Massachusetts, said: "But the delivery required by the rule in *Lanfear v. Sumner* is delivery in its natural sense, that is, a change of possession." The quotation was approved in *Goodhue v. State Street Trust Co.* (Mass.), 165 N. E. 701, 705. See also *Stem v. Crawford,* 133 Md. 579, 589. There is language in some of the cases which indicates that delivery, within the meaning of the statute or of the common law, may be constructive rather than actual. Generally, it would seem that the term "constructive" as so used is meant to be synonymous with "symbolic". Cf. *Brooks v. Mitchell,* 163 Md. 1. We find no occasion to de-

cide whether constructive or symbolic delivery to one purchaser would suffice to defeat the rights of the purchaser who first took actual possession. In the instant case there was nothing to show either symbolic or constructive delivery, other than words. We have found no case holding that mere words are sufficient to constitute a delivery of any kind. In *Bridgham v. Hinds* (Me.), 115 A. 197, relied on heavily by Mrs. Cottman, the court held that there must be, as against third parties, a delivery "actual, constructive, or symbolical", and said: "* * * the principle of a constructive delivery is not one to be extended. * * * When actual delivery be reasonably and consistently possible it should be had. * * * A constructive delivery involves something more than mere oral utterance. * * * And the vendee must move with becoming dispatch * * *." See a discussion of the case in 2 *Williston on Sales,* Rev. Ed., Sec. 372. In *Perdue v. Griffin* (Ga. App.), 122 S. E. 713, it was said that delivery must be actual or constructive and the question in each case is not whether the vendor remains in actual possession but whether he has parted with his dominion over the property, and the court held that a promise to make a future delivery was not the equivalent of a present constructive delivery. In *Walker & Rogers v. Malsby Co.* (Ga.), 67 S. E. 1039, the court, dealing with the statute of frauds, said that where possession was retained by the vendor, "something more than the parol agreement of sale relating to the transfer of the title and the possession is necessary to constitute constructive delivery. The statute requires something more than mere words."

Judgment in favor of Mrs. Wagner is affirmed.

*Judgment affirmed, with costs.*