DUKE POWER COMPANY, A NEW JERSEY CORPORATION, PROSECUTOR, v. THE ESSEX COUNTY BOARD OF TAXATION AND THE CITY OF NEWARK, A MUNICIPAL CORPORATION, DEFENDANTS.

Argued May 2, 1939—Decided July 11, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *Pitney, Hardin & Skinner* (*Shelton Pitney* and *William J. Brennan, Jr.*).

For the defendants, *James F. X. O'Brien, Vincent J. Casale* and *Joseph A. Ward.*

BODINE, J. The writ brings up for review a judgment of the Essex County Board of Taxation entered January 20th, 1939, denying prosecutor's motion to dismiss, for lack of jurisdiction of the subject-matter and for other reasons, the complaint and petition of the city of Newark and the proceedings had thereunder purporting to be pursuant to *R. S.* 54:3-20.

The petition referred to was filed by the city of Newark with the Essex County Board of Taxation November 30th, 1938. The complaint and petition alleged that on October 1st, 1936, the prosecutor was the owner of personal property situated in the taxing district of the city of Newark to the value of $15,000,000, which had been wholly omitted from the tax return filed by the taxing district of the city of Newark for the year 1937, and prayed that the Essex County

Board of Taxation pursuant to the provisions of *R. S.* 54:3-20 add to said 1937 tax return an assessment of $15,000,000 against the prosecutor's personal property.

Prosecutor contends that on the assumption that *R. S.* 54:3-20 is properly included in the Revised Statutes the Essex County Board of Taxation, on prosecutor's motion, should have dismissed the proceedings because the record does not show on its face facts required by the statute to establish jurisdiction in that (a) the complaint of the city of Newark does not specify the property allegedly omitted in the assessment, (b) the notice of hearing dated December 8th, 1938, was served December 9th, 1938, and the proceeding was therefore not brought as required by said statute, within one year from the date when real estate taxes for the year 1937 became a lien.

Prosecutor further contends that *R. S.* 54:3-20 is not in force and effect in that it purports to be a revision of section 28 of chapter 208 of the laws of 1903, that section 28 had been repealed by *Pamph. L.* 1918, *ch.* 236, and sections 507 and 801 thereof, and, therefore, its inclusion by the revision commissioners was not authorized by *Pamph. L.* 1925, *ch.* 73, *p.* 244, the act providing for the revision and defining the powers of the commission, since said act was not in force at the time of the commission's final report.

It is at this time only necessary for us to consider one question, and that is all we do.

The complaint and petition of the city of Newark nowhere shows what "property specified has been omitted in the assessment" and, therefore, does not comply with the statutory form of complaint essential under *R. S.* 54:3-20 to give jurisdiction.

The statute so far as pertinent is as follows (the italics are ours) : "On the written complaint of the collector, or any taxpayer of the taxing district or of the governing body thereof, *that property specified has been omitted in the assessment,* the county board, on five days' notice in writing to the owner by the party complaining, and after due examination and hearing, *may enter the omitted property on the duplicate by judgment rendered* within ten days after the hearing, a

transcript whereof shall be furnished by the board to the collector, who shall amend his duplicate accordingly. The collector shall present such complaints and serve such notices as the governing body may direct and shall attend before the board and subpœna proper witnesses and pay their fees. He shall receive reimbursement therefor and two dollars for every day he shall attend for his services from the taxing district. Such proceedings may be brought within one year from the date when taxes on real property become a lien." The words in italics indicate that the proceeding can only relate to a specified property.

The word "specified" has a clearly defined meaning. "Transitive: to mention or name in a specific or explicit manner; to tell or state precisely or in detail; as to specify articles. Intransitive: to speak precisely or in detail; to give full particulars." Webster's New International Dictionary (2d ed.).

When the claim is that property has been omitted by the assessor the taxpayer is entitled to know what precise or specific property is meant. *Mitsch* v. *Township of Riverside,* 86 *N. J. L.* 603. The mere assertion that prosecutor was the owner of personal property of the value of $15,000,000 specifies nothing. It is a mere conclusion, at most, without any specific assertion of fact in its support.

The other points raised in the argument of prosecutor need not now be considered. The judgment is reversed, with costs.