HAZAK, INC., Respondent, *v.* ROBERTSON GOETZ BUILDING CO., INC., et al., Appellants, et al., Defendants.

Argued October 26, 1942; decided January 21, 1943.

*Alexander Boskoff* for appellants. Section 1433 of the Penal Law is not applicable to the instant trespass. (*People* v. *Knatt*, 156 N. Y. 302.) The admission in its entirety of the deposition of the defendant Alert Contracting Co. Inc., made before trial as an adverse party constituted reversible error. (*Napier* v. *Bossard*, 102 F. 2d 467; *Nixon* v. *Beacon Transportation Corp.*, 239 App. Div. 830; *Galbraith* v. *Galbraith*, 248 App. Div. 914; *Freisinger* v. *Reibach*, 254 App. Div. 575; *Hewitt* v. *Newburger*, 141 N. Y. 538.)

*Arthur Morris* for respondent. Since the trespass was willful the plaintiff is entitled as a matter of right to treble damages. (*Bergen* v. *Morton Amusement Co.*, 178 App. Div. 400; *Storrs* v. *City of Utica*, 17 N. Y. 104; *Boylhart* v. *DiMarco & Reimann, Inc.*, 270 N. Y. 217; *McCrea* v. *McClenahan*, 131 App. Div. 247; *Debobes* v. *Butterly*, 210 App. Div. 50; *Milliken* v. *Frisbie, Coon & Co.*, 175 App. Div. 579; *Layton* v. *McConnell*, 61 App. Div. 447; *King* v. *Havens*, 25 Wend. 420; *McCruden* v. *Rochester Ry. Co.*, 5 Misc. 59; *Humes* v. *Proctor*, 73 Hun, 265; *Sheldon* v. *Baumann*, 19 App. Div. 61; *Day* v. *Woodworth*, 13 How. 363; *Starkweather* v. *Quigley*, 7 Hun, 26; *Newcomb* v. *Butterfield*, 8 Johns. 342; *Alloway* v. *Hickok*, 215 App. Div. 86; 243 N. Y. 615.) The deposition before trial of Alert Contracting Co. Inc., was competent as against said defendant Alert and properly received in evidence as such.

DESMOND, J. All the appellants were concerned, in one way or another, with the building of an apartment house on a tract of land part of the rear line of which abutted the rear of respondent's vacant land. In excavating for the foundations of the new building, defendant Alert Contracting Co., Inc. (not appealing here) cut down part of the rear of plaintiff's land, which rear part was a sort of plateau, higher than appellants' apartment house site. The proof was sufficient to establish that this cutting down of part of respondent's high land was willful, unauthorized and unlawful, and that all of the appellants are liable for the damage so done. The jury's verdict was in the amount of $850 and the court, under the supposed authority of subdivision 3 of section 1433 of the Penal Law, trebled that amount and directed judgment accordingly. The only important question for us is as to the propriety of that trebling.

Since 1881 (chapter 676 of the Laws of that year) there has been in our criminal law a statute describing the punishments to be meted out to " a person who unlawfully and wilfully destroys or injures any real or personal property of another, * * * in a case where the punishment is not specially prescribed by statute * * *." (See Penal Code, § 654, now Penal Law, § 1433.) The only changes made to this statute since 1881 have been these: there has been added to the general statement as to unlawful and willful destruction or injury, a specification of certain unlawful interferences with railroad property, and, also, the dividing line as to the amount of diminution of value, above and below which line the criminal punishments are different, has been changed from twenty-five to two hundred and fifty dollars. Before the second of these two changes was made this court held, in *People* v. *Knatt* (156 N. Y. 302) that a *criminal* prosecution could not be maintained under this section for acts made punishable by any other statute. We now have, in the case before us, a similar question as to *civil* liability under subdivision 3, which reads, and has always read, as follows: " and in addition to the punishment prescribed therefor, he is liable in treble damages for the injury done, to be recovered in a civil action by the owner of such property, or the public officer having charge thereof."

The acts proven in this case are specifically covered, as to criminal punishment, by section 1425, subdivision 4 of the Penal Law which makes one guilty of a misdemeanor who wilfully " digs, takes or carries away without lawful authority or consent from any lot of land in any city or incorporated village, * * * any earth, soil or stone." Therefore, since plaintiff's suit involves acts for which criminal punishment is " specially prescribed by statute," it follows that section 1433, subdivision 3, of the Penal Law, has no application here and there is no authority for trebling the damages assessed by the jury.

Argument can be made from the grammatical structure of section 1433, and from the phrase which introduces subdivision 3 (" and in addition to the punishment prescribed therefor ") that the treble damage liability set up in subdivision 3 is available as to all kinds of unlawful and willful destruction or injury to property. In other words, it is possible so to read the statute that the above-quoted phrase " in a case where the punishment is not specially prescribed by statute," applies only to criminal punishment under subdivisions

1 and 2, and not to civil liability (for treble damages) under subdivision 3. Such a construction, however, is a possible but not a reasonable one.

Article 134 of the Penal Law covers many kinds of malicious mischief. Those which the Legislature chose to describe specifically and treat individually, are dealt with in sections other than section 1433. The only exception to this is as to the railroad trespasses or injuries, reference to which was inserted in section 1433 after its original enactment. Treble damages are mentioned only in section 1433. The whole scheme of article 134, including the separate treatment of numerous offenses in various sections, as well as the inclusion generally of other such wrongs and specifically of railroad damage in section 1433, leads us to the conclusion that section 1433, as to treble damages as well as to criminal punishment (*People* v. *Knatt, supra*), means just what it says, that it is not applicable to cases categorically dealt with elsewhere in the law. It can, of course, be demonstrated that this results sometimes in the trebling of civil damages in cases of minor injury, and in lack of authority for such trebling in more aggravated cases. But the whole problem is for the Legislature, and there is no reason to doubt that the Legislature has deliberately prescribed, for the several malicious mischiefs, such various punishments as seem to it appropriate.

The judgments should be modified by deducting from the amount thereof so much thereof as represents the amount added by the trebling of the damages, including interest on such increase, and as so modified, affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, LEWIS and CONWAY, JJ., concur; RIPPEY, J., dissents.

Judgment accordingly.