THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PAUL F. COSTELLO, Appellant.

Argued November 25, 1952; decided February 26, 1953.

*Thomas F. Hyland* for appellant. I. The Legislature never intended to make criminal every little thing a man might do. All that the record discloses is a little private wrong or civil injury to complainant, not a wrong to the public, not a crime. II. There was no proof of facts that would confer jurisdiction on the District Court. (*People* v. *Freer,* 171 Misc. 478.) III. The trial was unfair. (*People* v. *Sanacory,* 234 App. Div. 628; *People* v. *Al Hatem,* 194 Misc. 97.)

*Frank A. Gulotta, District Attorney (Henry P. De Vine* of counsel), for respondent. I. The evidence is sufficient to establish the guilt of defendant as a matter of law. (*People* v. *Stein,* 277 App. Div. 996; *People* v. *Horie,* 258 App. Div. 246; *People* v. *Orlando,* 288 N. Y. 624.) II. The District Court had jurisdiction of the crime. (*People* v. *Freer,* 171 Misc. 478; *People* v. *White,* 1 N. Y. Crim. Rep. 466; *People* v. *Olah,* 300 N. Y. 96.)

LOUGHRAN, Ch. J. The defendant was tried in the District Court of Nassau County upon an information whereby he was accused of violating subdivision 2 of section 1433 of the Penal Law by wilfully and unlawfully deflating one of the tires of an automobile of the complainant. The jury's verdict was "guilty." The District Court sentenced the defendant to imprisonment for thirty days, but execution of the sentence was

suspended. The judgment of the District Court was affirmed by the County Court of Nassau County and the defendant then brought the case here by permission of a Judge of this court (see Code Crim. Pro., § 520, subd. 3).

There was evidence that air was escaping from the valve of the automobile tire when the defendant ran away from the vehicle. At the request of his counsel, the Trial Judge directed the jury to acquit him if they found there was no injury or damage to the tire. In that state of the record, we cannot assume the absence of such injury or damage.

At the close of the case for the People, counsel for the defendant moved for dismissal of the information upon the ground that it should have alleged a violation of subdivision 11-a of section 1425 of the Penal Law. The trial court denied that motion. In our opinion, that motion should have been granted.

Section 1433 of the Penal Law reads in part as follows: '' A person who unlawfully and wilfully destroys or injures any real or personal property of another * * * in a case where the punishment is not specially prescribed by statute, is punishable as follows: 1. If the value of the property destroyed, or the diminution in the value of the property by the injury is more than two hundred and fifty dollars, by imprisonment for not more than four years. 2. In any other case, by imprisonment for not more than six months, or by a fine of not more than two hundred and fifty dollars, or by both such fine and imprisonment.'' The words we have just quoted from section 1433 of the Penal Law were manifestly intended to cover cases not provided for by any other law. If then another statutory provision prescribed punishment for the offense of injuring motor vehicles, this case did not fall within section 1433. (*People* v. *Knatt,* 156 N. Y. 302, 304–305; *Hazak, Inc.,* v. *Robertson Goetz Bldg. Co.,* 289 N. Y. 478, 480.)

At the time in question, subdivision 11-a of section 1425 of the Penal Law provided and now provides that a person who wilfully damages in any manner an automobile or other motor vehicle shall be deemed guilty of a misdemeanor. Thus the present criminal prosecution was one in respect of which punishment for the act of the defendant was specially prescribed by statute and, that being so, the above provisions of subdivision

2 of section 1433 of the Penal Law (under which the defendant was convicted) had here no application.

The judgments should be reversed and the information dismissed.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.