Edwakd M. O’Uormak, J.
The defendants, who were between the ages of 18 and 21 and on active duty with the United States Air Force, were charged in an information with entering Calvary Cemetery on Route 9W in the Town of New Windsor and while there ‘ ‘ damaged property of another, to wit: did while drinking beer and in an intoxicated condition knock down, loosen and damage monument stones on the property of St. Patrick’s Church and did knock down at least 17 stones the amount of damage done being less than $250.00 ”.
The offense is alleged to have taken place at about 4:00 a.m. on June 30, 1958.
Early that same morning, the defendants were taken before the Justice of the Peace of the Town of New Windsor, and upon their pleas of guilty to the information charging them as aforesaid with the violation of subdivision 2 of section 1433 of the Penal Law of the State of New York, were each sentenced to six months in the county n ail, and each was fined the sum of $250.
The defendants have now appealed, and have made the following assignments of error: That they were not advised of their right to counsel; that they were induced to enter their pleas of guilty with the understanding that they were to be fined and released; that they were erroneously charged in the information with a violation of subdivision 2 of section 1433 of the Penal Law, and that the sentences meted out to the defendants, who had no previous criminal records, were excessive.
The court will not question statements of fact made in the return of the Justice of the Peace. The return herein states, “ No representations were made by the court with reference to the sentences to be imposed if the defendants pleaded guilty. ’ ’ This statement is controlling on the objection of the defendants that they were induced to enter their pleas by any promise of the Justice.
The return further states that, ‘ ‘ At the time of said arraignment defendants were advised by the court of all their legal rights including the right to counsel”.
In our opinion, this conclusion of law is an inadequate basis for a determination that the many requirements of section 699 of the Code of Criminal Procedure have been met. This section requires, among other things, that the magistrate must immediately inform the defendant of the charge against him and of his right to the aid of counsel in every stage of the *911 proceedings; the magistrate must allow the defendant a reasonable time to send for counsel, and adjourn the proceedings for that purpose; the charge against the defendant must be distinctly read to him, and he must be required to plead thereto.
The return of the justice should show in detail the steps taken to comply with the foregoing requirements of section 699, so that the reviewing court may determine whether the requirements of the statute had been properly met. The failure of the return in this case to do so requires the reversal of the conviction.
The reversal of the conviction is also required by the failure of the information to charge the defendants under the proper section of the statute. Article 134 of the Penal Law dealing with the crime of malicious mischief contains two sections which have reference to the activity described in the information. These are as follows: section 1427 (subd. 2), which provides that “ Any person who * * * Not being the owner thereof and without lawful authority, wilfully injures, disfigures, removes or destroys a gravestone, monument * * * whether situated upon private grounds * * * cemetery * * * or public * * * place * * * Is guilty of a misdemeanor”, and section 1430, which provides “ A person who wilfully and without authority destroys, defiles, defaces or otherwise injures * * * any building or structure used or designed * * * as a place of religious worship * * * or appurtenance thereto, or a cemetery duly and lawfully maintained * * * is guilty of a felony punishable by imprisonment for a term not to exceed three years.”
In view of the fact that the foregoing sections specifically prescribe punishment for the conduct described in the information in this case, section 1433 (subd. 2) of the Penal Law under the information as drawn has no application. This was decided by the Court of Appeals in People v. Costello (305 N. Y. 63).
In view of the failure of the return to show the details with respect to compliance with section 699 of the Code of Criminal Procedure, and the failure of the information to charge the defendants under the appropriate section of the Penal Law, the judgment of conviction should be reversed in each case and the informations dismissed. Such subsequent proceedings as are hereafter taken should be on a proper information and in accordance with the rules set forth herein.
Submit order.