COUNTY TREASURER, Etc., FOR CAROLINE COUNTY et al. *v.* STATE TAX COMMISSION OF MARYLAND et al.

[No. 278, September Term, 1958.]

*Decided, per curiam, March 19, 1959.*

*Opinion filed April 20, 1959.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT and HORNEY, JJ.

*K. Thomas Everngam* and *Wesley E. Thawley* for the appellants.

*John Martin Jones, Jr., Assistant Attorney General,* with whom was *C. Ferdinand Sybert, Attorney General,* on the brief, for the appellees.

HAMMOND, J., delivered the opinion of the Court.

On the day of the argument we affirmed by *per curiam* order the declaratory decree appealed from, for the reasons which follow.

The decisive question in the case is a narrow one—does the applicable local statute specifically prescribe a tax year for Caroline County, which for almost thirty years has acted on the assumption that Ch. 321 of the Acts of 1931 prescribed the twelve months' period from July 1 to June 30 as a tax year. The lower court held that the local law established a fiscal year but did not specifically prescribe a tax year. The question arises because by Ch. 387 of the Acts of 1939 the Legislature provided that in any county or city in which some other period is not now "specifically prescribed", all ordinary county and city taxes shall be levied for the calendar year and as of the first day of January as the date of finality. Before 1939 the statutory scheme was that local law set the tax year and the same date of finality for state, county and city taxes. Not covered was the situation in which a county had not specifically established a taxable year or a date of finality.

The 1939 Act (now found in Code, 1957, Art. 81, Sec. 31) sought to achieve state wide uniformity. As to tangible personal property Sec. 31 made the tax year the calendar year, and January 1st the date of finality throughout the State for state and local taxes (subsection c). As to real property it made the calendar year the tax year for state taxes (subsection a) ; county and city taxes were to be levied "for the same period" and "as of the same date of finality" as "now prescribed by local law" (subsection b), with the proviso, however, "that in any county or city in which some other period is not now specifically prescribed by statute, all ordi-

nary county and city taxes shall be levied for the calendar year and as of the first day of January as the date of finality" (proviso 4 of subsection b), and finally that if not now "specifically prescribed by statute" the date of finality for all state, county and city taxes is to be January first of each year (proviso 5 of subsection b).

The record leaves no doubt that the officials of Caroline County, at least since the effective date of Ch. 321 of the Acts of 1931, have assessed both state and local taxes on the basis of a taxable year of July 1 to June 30, and have considered June 30 the date of finality for the next ensuing twelve months' period; and that members of the bar and the citizens of Caroline County, in making adjustments of taxes in real estate settlements, trustees' accounts, and decedents' estates, customarily and generally have treated the period July 1 to June 30 as the tax year.

After the effective date of the 1939 Act, the State Tax Commission supervised assessments throughout the state in accordance with the Act and the opinion of the Attorney General in 24 Op. A. G. 767, 769, which said that "* * * in a county in which a taxable year is not specifically prescribed by statute, the taxable year will be the calendar year and the date of finality will be January 1st, regardless of whether or not some other date of finality is specifically prescribed by statute." It did not come to the attention of the State Tax Commission that Caroline County was levying taxes based upon a tax year not the calendar year and a date of finality not January 1st because, when the County paid over to the State the taxes the County had collected, it was assumed by the State that the payment was of the taxes for the then current calendar year, although the County officials thought the payment was for the tax year that had commenced the first of July.

When the true situation was discovered, the Commission instructed Caroline County officials to make their practice conform with the Act of 1939. The County thereupon took the position that the 1931 local Act did prescribe a tax year and that if such a year were not spelled out in detail, the administrative practice over the long period of years from

1931 showed the proper construction of the Act to be that the tax year was July 1 to June 30. The suit for declaratory judgment now before us followed.

The lower court held that with respect to county taxes on both real and personal property in Caroline County: (1) the calendar year is the tax year; (2) January 1st of each year is the date of finality; (3) taxes for each year must be levied after January 1st but before April 1st; (4) and taxes are due and payable on and after April 1st and are overdue and in arrears if not paid before the succeeding October 1st. Caroline County now concedes that January 1st is the correct date of finality and that the decision below was correct if Ch. 321 of the Acts of 1931 does not specifically prescribe the tax year to be July 1 to June 30 of each year.

We think the decision of the lower court was correct in its entirety. Sec. 106 of Ch. 321 of the Acts of 1931 provides that the Commissioners shall annually "on or before the first day of July, in each and every year" levy upon taxable property for both the State and county taxes. Section 106 a directs that "The fiscal year of Caroline County, for the purposes of this Act, shall begin on the 1st day of July, each and every year, and end and expire on the 30th day of June of the ensuing year." Sections 106 b to 106 f deal with the preparation of revenue estimates and appropriations and the levying of necessary funds. The County officials argue that the creation of a fiscal year "for the purposes of this Act" means that a tax year is established which is identical with the fiscal year. They also argue that under local law (Ch. 9 of the Acts of 1937 and Ch. 71 of the Acts of 1951), taxes are due and payable on September 1st of each year, which is five months later than the general state law provides for payment of taxes in counties on a calendar year basis. It could be argued that the provision in Sec. 106 of Ch. 321 of the 1931 Act that the levy upon taxable property is to be "on or before the first day of July in each and every year" indicates that a calendar year is meant as the tax year, since the reference to each and every year, without more, normally would refer to a calendar year.

In part, at least, it was to do away with the necessity of construing statutes which, to a greater or lesser degree, were

susceptible to two or more interpretations that the Legislature passed the 1939 Act, to provide that the tax year was to be the calendar year in any county "in which some other period is not now specifically prescribed by statute." A specific provision is one which leaves no reasonable room for doubt or argument, one which sets forth the tax year with exactness and definiteness. The term "specifically prescribed by statute" was held in *Hazak, Inc. v. Robertson Goetz Bldg. Co.* (N. Y.), 46 N. E. 2d 893, 895 (a case not otherwise applicable) to be the equivalent of "categorically dealt with." The Supreme Court of New Jersey in *Duke Power Co. v. Essex County Board of Taxation* (N. J. L.), 7 A. 2d 409 (also not otherwise applicable) held that the word "specified" in a statute meant "in detail" or with "full particulars." Whatever may be the merits of the argument that the 1931 Act can be construed to establish, or impliedly did establish, the fiscal year as the tax year, it can hardly be said that the act prescribed a tax year in detail, or with particularity, or dealt with such a year categorically. There is no necessary coincidence between a fiscal and a tax year, and the two terms are not synonymous.

Caroline County can obtain no help from reliance on the rule of long-continued administrative practice. There is no ambiguity in the 1939 Act which allows the local tax year to remain other than the calendar year only if it is "specifically prescribed" by local law, and there is no doubt that the Act of 1931 does not specifically prescribe any tax year. Administrative construction is called into play only when two reasonable interpretations of the act to be construed are possible. "But where the language is plain and unambiguous, the judicial construction cannot be controlled by extraneous considerations. No custom, however venerable, can nullify the plain meaning and purpose of a statute." *Rogan v. B. & O. R. R. Co.*, 188 Md. 44, 58; *State Tax Comm. v. C. & P. Tel. Co.*, 193 Md. 222; *Bouse v. Hutzler*, 180 Md. 682; *Pressman v. D'Alesandro*, 211 Md. 50, 59-60; *Ewell v. State*, 207 Md. 288.

*Decree affirmed, with costs.*