DEPARTMENT OF MOTOR VEHICLES *v.* THE GREYHOUND CORPORATION, ET AL.

[No. 535, September Term, 1966.]

*Decided October 16, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER and McWILLIAMS, JJ., and RUTLEDGE, J., Associate Judge of the Fourth Judicial Circuit, specially assigned.

*William T. S. Bricker, Special Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Jon F. Oster, Assistant Attorney General,* and *Eli Baer, Special Attorney,* on the brief, for appellant.

*Lewis A. Kann* and *Donald N. Rothman,* with whom were *Gordon, Feinblatt & Rothman* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

The proceedings in this case were initiated when the appellees, The Greyhound Corporation, Monumental Motor Tours, Inc., and McMahon Transportation Company, Inc., three interstate carriers of passengers, filed claims with the appellant, Department of Motor Vehicles, under Code (1957), Article 81, Section 215, for the refund, with interest, of excise taxes paid to the appellant by the appellees for the issuance of title certificates to various public passenger motor vehicles owned by the appellees. The appellant denied the refunds and appellees filed appeals to the Maryland Tax Court, as provided in Code (1957), Article 81, Section 217. The only evidence presented before the Tax Court consisted of a stipulation and supplemental stipulation. The denial of the refund by the Department was affirmed by the Tax Court in a three to two decision in which a strong dissent was registered, and again the appellees here appealed under the provisions of Article 81, Section 217, and Rule B1-B12 of the Maryland Rules, this time to the Baltimore City Court.

The hearing before the Baltimore City Court was on the record of the prior proceedings in the Tax Court, although the appellant proffered evidence which consisted of certain legislative materials in the form of reports of commissions and letters from various officials and private parties, which the appellant claims would have shown the legislative intent in enacting Chapter 267, Section 2, of the Laws of Maryland, 1961, (codified as Article 56, Section 184 of the Code (1957, 1964 Repl. Vol.)), to support its theory of the case. This proffer was ruled inadmissible by Chief Judge Foster, who reversed the decision of the Tax Court, adopting the opinion of the dissenting minority,

and awarding the appellees the relief for which they prayed. The appeal to this Court followed.

The resolution of this case hinges on the effect of statutes dating back to 1933. These statutes have been re-enacted as amended on numerous occasions since their inceptions, and it is upon the effect of these amendments and re-enactments that the contentions of the parties here involved are based.

In 1933, by Chapter 593, a "seat-mile" tax was imposed upon owners of public passenger carriers on the public highways of the State. In 1935 Chapter 539 was enacted requiring the owners of commercial vehicles, with certain exceptions not here involved, to pay an excise tax to the Department of Motor Vehicles for the issuance of the original certificates of title for the vehicles owned by them. Then in 1961, Chapter 267, Section 2, of the laws of that year was enacted substituting an axle tax for the earlier seat-mile tax, (codified as Code (1957, 1964 Repl. Vol.), Article 56, Section 184 (a)) and this Act also stated that: "No other additional fees, licenses or tax shall be charged by the State or any county or municipal subdivision of the State except the property tax and gasoline tax in respect to such vehicles or their operation."

In 1964 this exception was expanded to include "* * * the excise tax for the issuance of every original certificate of title," by Chapter 16, Section 2, of the Laws of 1964 (codified as Code (1957, 1964 Repl. Vol.) Article 56, Section 184 (a)). During the period from May 1, 1961, the effective date of Chapter 267 of the Acts of 1961, and April 15, 1963, the appellant collected and the appellees paid, without protest, the titling tax in question. The appellees here claim that the exception in the 1961 Act does not include the titling tax, that a later act repeals an earlier one so far as the two conflict, and that by virtue of this implied repeal they are entitled to refunds for taxes paid during this period. The appellant disagrees with this contention, saying that the statutory provisions involved create an ambiguity and that the intent of the Legislature should be looked to and ascertained to resolve such ambiguity.

While two or more statutes in *pari materia* are to be given full effect whenever possible, *Balto. Credit Union v. Thorne,* 214 Md. 200, 209, 134 A. 2d 84, where the provisions of such

statutes are unreconcilable, the later statute governs to the extent of the conflict. *Hensley v. Bethesda Metal Co.*, 230 Md. 556, 188 A. 2d 290; *Elgin v. Capital Greyhound Lines,* 192 Md. 303, 64 A. 2d 284 (citing cases); Sutherland, *Statutory Construction,* Section 2012 (3d ed.). The Department now attempts to reverse the argument through which it prevailed in *Elgin, supra.* In that case there were two statutes involved, both approved by the Governor on the same day. Chapter 326 of the Acts of 1947, (codified as Article 81, Section 218, 1947 Cum. Supp.) provided that "* * * and no other additional fees, licenses or tax, shall be charged by the State or any County or municipal sub-division of the State except the property tax and gasoline tax on gasoline purchased in Maryland in respect to such vehicles or their operation." This was identical to the language used in the statute as first enacted in Chapter 593, Section 1 of the Acts of 1933, and the only effect of the 1947 re-enactment was to reduce the amount of the tax charged. Chapter 560, Section 7 of the Acts of 1947, (codified as Article 66½, Section 25A, 1947 Cum. Supp.) imposed an excise tax on the issuance of original certificates of title. In that case this Court held that since there was a conflict between Chapter 326 and Chapter 560 that the latter must prevail since it was later in the numerical order of the chapters and was thus to be considered the last expression of the legislative will, even though the two chapters were approved by the Governor on the same day. The result of our decision in *Elgin* was that the carriers involved were required to pay both a seat-mile tax and the titling tax required by the higher numbered chapter.

Chapter 539 of the Laws of 1935 simply imposed a tax on the issuance of an original certificate of title. This in no way affected the collection of the seat-mile tax provided for in Chapter 593 of the Acts of 1933. However, when Chapter 267 of the Acts of 1961 was passed it stated that "no other additional fees * * * except the property tax and gasoline tax * * *" should be assessed to owners of passenger motor vehicles. The Department earnestly contends that this difference in the statutes creates an ambiguity which should be resolved by looking to extrinsic evidence for the purpose of ascertaining the intent of the Legislature. *State Dep't v. Ellicott-Brandt,* 237 Md. 328,

206 A. 2d 131. Relying on this rule of construction, the Department charges that the Baltimore City Court committed reversible error by refusing its proffer of evidence of legislative history referred to above. With this contention we do not agree.

The statute here involved, Article 56, Section 184 (a) is in no way ambiguous. It simply exempts those paying the axle tax from paying other fees and taxes except the property tax and the gasoline tax. By making these two items the sole exceptions, the statute is as plain as if it had listed all of the fees and taxes not included in the exceptions. As we said in *State Insurance v. Nationwide,* 241 Md. 108, 117, 215 A. 2d 749: "Where a statute expressly provides for certain exclusions, others should not be slightly read therein by implication, for if the Legislature intends other exclusions it is so easy to add them to the already-named explicit ones." It is possible and perhaps even probable that the Legislature intended the titling tax to be paid after Chapter 267 of the Acts of 1961 became effective, but this is not what it said. In holding that a statute could not be added to by judicial construction Chief Judge Prescott, in *Amalgamated Ins. v. Helms,* 239 Md. 529, 534, 212 A. 2d 311, said:

> "However, construing a statute liberally and adding to it, by judicial fiat, a provision which the Legislature did not see fit to include are not one and the same thing. As stated by Justice Brandeis, for the Court, in *Iselin v. United States,* 270 U.S. 245, 251: 'What the Government asks is not a construction of a statute, but, in effect, an enlargement of it by the court, so that what was omitted, presumably by inadvertence [in that case], may be included within its scope. To supply omissions transcends the judicial function.' "

Previously, in *Md. Medical Service v. Carver,* 238 Md. 466, 478, 209 A. 2d 582, this Court said: "The legislative intent is to be sought in the first instance in the words used in the statute and if there is no ambiguity or obscurity in the language used in the statute, there is usually no need to look elsewhere to ascertain the intent of the legislature." (Citing cases.) This Court further stated that "if the legislative intent is expressed

in clear and unambiguous language, this will be carried into effect by this Court even if this Court might be of the opinion that the policy of the legislation is unwise, or even harsh or unjust, if no constitutional guarantees are impaired by the legislation." (Citing cases.) In gleaning the legislative intent in enacting a statute, this Court adheres to the well established rule of construction that the words of the statute are used in their ordinary and popular sense and if the face of the statute does not show some contradictory intention then we will look no further. *Pressman v. Barnes,* 209 Md. 544, 558, 121 A. 2d 816; *Md. Medical Service v. Carver, supra.*

The appellant further urges that the Baltimore City Court failed to give sufficient consideration to the administrative construction of the statute here involved, in this case, the continued collection of the tax by the Department. It is true that in the case of ambiguous statutes, administrative construction is accorded great weight by the courts. *State Roads Comm. v. Jones,* 241 Md. 246, 256, 216 A. 2d 563 (and cases cited). *Kimball-Tyler v. Balto. City,* 214 Md. 86, 99, 133 A. 2d 433 (citing cases). Here, however, not only is the statute under scrutiny clear and unambiguous, but the administrative practice referred to is by no stretch of the imagination long and unvarying. At any rate the construction of the statute by the Department is persuasive only and is not binding on this Court. *County Treas. v. State Tax Comm.,* 219 Md. 652, 657, 150 A. 2d 452, and cases cited therein.

The appellees have devoted a considerable portion of their brief and oral argument to their right to interest on the amounts of titling tax paid by them from the date of payment until the time of refund. As we read the record neither the Maryland Tax Court nor the Baltimore City Court gave consideration to the question of interest. Accordingly, while we will affirm the judgment as to granting the refund, concerning the question of interest, we remand the case to the Maryland Tax Court for consideration of that phase of the case.

> *Judgment affirmed and case remanded to the Maryland Tax Court for further consideration. Costs to be paid by the appellant.*