ERNEST F. WALZ ET AL. *v.* MONTGOMERY
COUNTY, MARYLAND ET AL.

[No. 1385, September Term, 1980.]

*Decided June 5, 1981.*

The cause was argued before MELVIN, LISS and WEANT, JJ.

*John F. McCabe, Jr.,* for appellants.

*Martin J. Hutt, Assistant County Attorney for
Montgomery County,* with whom were *Paul A. McGuckian,
County Attorney,* and *Richard E. Frederick, Deputy County
Attorney,* on the briefs, for appellees.

WEANT, J., delivered the opinion of the Court.

The appellants in this matter are former employees of Montgomery County, Maryland, who have previously left their employment either by reason of the fact that their positions were abolished or their employment was terminated by administrative action. They are seeking severance pay under section 33-26 (d) (8) of the Montgomery County Personnel Regulations. Specifically they rely on the following portion of that regulation:

(8) Administrative Leave and Severance Pay. . . . Severance pay shall be a lump-sum payment by the Chief Administrative Officer made to an employee who has not reached age 65 and who is being retired pursuant to the provisions of Section 33-38(h) "Administrative retirement on or after elective early retirement date or normal retirement date" or Section 33-45(c) "Discontinued service pension" or to an employee whose resignation is requested for administrative or organizational reasons. Severance pay shall be computed on the basis of one week of pay for each two years of County service. Severance pay may also be authorized by the Chief Administrative Officer whenever it is determined that it would be in the best interest of the County service not to require an employee to work the usual two week resignation notice period.

Notwithstanding that none of the applicants had yet reached 65 years in age at the time of their retirement and that all seemed to have qualified for the requested severance pay, it was denied by the Chief Administrative Officer. In fact it is agreed by all parties that severance pay has never been granted to any employee of Montgomery County who has retired either as a result of position abolishment or as a result of employment termination by administrative action.

Having been so denied the requested severance pay, the appellants filed an action in the Circuit Court for Montgomery County seeking a declaratory judgment that

pursuant to section 33-26 (d) (8) of the Montgomery County Personnel Regulations, they were entitled to severance pay under the conditions of their respective retirements from employment. They now have noted this appeal from the Memorandum and Order of the Montgomery County Circuit Court, which dismissed their Declaration. A précis of the issues raised by the appellants is as follows:

1. Severance pay is mandatory.

2. Severance pay should be computed on a pro rata basis with interest.

## I.

In determining this matter we deem it pertinent to consider the legislative intent when certain changes in the Montgomery County Personnel Regulations were proposed in late 1972. At that time section 33-26 (d) (8) was known as section 94-22 (d) (8). In speaking of the suggested changes, the Chairman of the County Personnel Board said in a memorandum dated 16 October 1972:

> Under existing regulations, severance is optional at the discretion of the Chief Administrative Officer. It is the opinion of the Personnel Board and the County Attorney that optional provisions of the Personnel Regulations of this type should be eliminated to avoid possible abuse and also to assure that all employees receive uniform and equitable consideration.
>
> Under the proposed revisions the severance pay formula remains unchanged. There would be no additional costs implications except in any case that an employee would have been deprived of severance pay because of the optional feature of the existing Personnel Regulations.

In commenting on this memorandum of 16 October 1972, County Executive James P. Gleason wrote in a memorandum to the President of the Montgomery County Council:

At the conclusion of the public hearing on Tuesday, October 31, 1972, the Council held the record open for a period of ten (10) days for receipt of additional written testimony or comments. Accordingly, I should like to express my concern with regard to the change in section 94-22(d)(8), "Administrative Leave and Severance Pay", *which removes the discretion of management with regard to payment of severance pay by making such payments mandatory.* Normally, in such instances, there exists a mutual agreement between management and the employee which allows maximum flexibility for the employee to find other employment if he so chooses. Each such instance is unique predicated upon the circumstances and I cannot, in good conscience, support a mandatory lump sum payment of one week for each two years of service. [Emphasis added.]

If the Council feels that payment of severance pay should be mandatory, I strongly recommend that the Council temper the amount of such compensation by establishing a maximum of four weeks irrespective of years of service.

Nevertheless, the recommended section 94-22 (d) (8) was left as originally proposed. Accordingly, it contained among other things the elimination from subsection (d) (8) of the provision that "if in the judgment of the Chief Administrative Officer such action would be in the best interest of the County services and employee regulations" when speaking of the award of severance pay. It is obvious then that when section 33-26 (d) (8) was adopted, the legislative intent was to remove the discretionary element and make severance pay mandatory.

A review of this same legislative history led the Montgomery County Personnel Board, in response to Mr. Walz's claim for severance pay, to make the following interpretation of the provision in question:

Therefore, irrespective of the September 7, 1979

opinion of the County Attorney that stated the granting of severance pay was discretionary with the Chief Administrative Officer, it is the unanimous interpretation of the Personnel Board that Section 22 (d) (8) *Administrative Leave and Severance Pay* of the Personnel Regulations mandates the payment of severance pay to an employee who is retired pursuant to the provisions of Section 33-28 (d), *Discontinued Service Pension* of the Employees' Retirement System of Montgomery County or to an employee whose resignation is requested for administrative or organizational reasons. All grants of administrative leave and grants of severance pay for other than the two reasons stated previously are made at the discretion of the Chief Administrative Officer.

It is argued by the appellees that with regard to the regulation in question we should adhere to the well settled maxim that where legislation is susceptible to differing constructions, the continued and unvarying construction of that regulation by the chief administrative officer should be strongly persuasive and not disregarded except for weighty reasons. One problem that we find with this argument is that there has been no apparent interpretation of the provisions which award severance pay to those in the category of the appellants, in that *no* awards have ever been made to those of similar status. Certainly over the years someone would have qualified to be so blessed if a discretionary interpretation had been mandated. Instead, it is perspicuous that the Administrative Officer has completely ignored these provisions. In this case we do not find the language warrants the alleged interpretation put upon it by the Chief Administrative Officer.

It becomes perfectly pellucid through a review of the legislative history that the granting of severance pay was to be mandatory under the revised regulations. Weighty reason enough, we think, to disregard what we consider to be, at best, a questionable "administrative interpretation."

In addition, we call attention to *Department of Motor Vehicles v. The Greyhound Corp.,* 247 Md. 662, 669, 234 A.2d 255, 258-59 (1967), where the Court of Appeals had this to say: "Here, however, not only is the statute under scrutiny clear and unambiguous, but the administrative practice referred to is by no stretch of the imagination long and unvarying. *At any rate the construction of the statute by the Department is persuasive only and is not binding on this Court.*" (Citation omitted, emphasis added.)

We are constrained to hold that the trial court erred and that the granting of severance pay under section 33-26 (d) (8) is mandatory.

## II.

There are several questions which arise under this issue, none of which was decided by the lower court. Insamuch as this case will be reversed and remanded, the parties will have an opportunity of presenting the matter to the trial judge for a ruling. Hence we decline to consider the issues. Rule 1085 of the Maryland Rules of Procedure.

> *Judgment reversed.*
> *Case remanded for further proceedings.*
> *Costs to be paid by the appellees.*