539 A.2d 1162

**Diana A. RECTOR**

v.

**Nicholas M. AZZATO.**

**No. 1123, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

April 12, 1988.

Mindy G. Farber (Glenn M. Cooper and Paley, Rothman & Cooper, on the brief), Bethesda, for appellant.

No brief or appearance by appellee.

Argued before BLOOM, ROBERT M. BELL and POLLITT, JJ.

BLOOM, Judge.

Appellant, Diana Rector, applied to the Circuit Court for Montgomery County for an order charging a partnership interest held by her former husband, Dr. Nicholas M. Azzato, appellee, with payment of judgments in excess of $135,000 appellant had obtained against appellee for past due alimony and support. This appeal is from the court's denial of that application.

Appellant's application (motion) for the charging order alleged that Dr. Azzato had acquired from one Jerome Bernstein a one-twelfth interest in a real estate partnership known as Murphy Tract Partnership. Azzato, in a "supplemental opposition to motion for charging order," claimed that he was not a partner in the Murphy Tract Partnership, merely the assignee of one-half of Mr. Jerome Bernstein's partnership interest. It was appellee's contention, apparently accepted by the court, that only the partnership interest of a debtor partner, and not that of an assignee of a partner, is subject to a charging order under the Uniform Partnership Act.[1]

### The Record Extract

Appellant has neglected to include in the record extract filed with her brief any transcript of testimony adduced at

---

1. Md.Corps. & Ass'ns.Code Ann., Title 9 (1985 Replacement Vol.). Hereinafter all statutory references are to that Title of the Corporations and Associations Code.

the hearing on her motion. She did include in the record extract, however, the trial judge's oral opinion, which, although not a model of clarity, is sufficient to satisfy the requirements of Md.Rule 1028 b 1. From that oral opinion and the other matters that are included in the record extract we can determine the issues raised and decided and the basis for the decision.[2]

The trial judge stated his reason for denying a charging order as follows:

> [B]ased on the pleadings in this case, it appears that he is not a partner to the corporation [sic]. Therefore, any assets of the corporation [sic] should not, and the court will not ... release the assets of the corporation [sic].

The judge expressed uncertainty as to whether Azzato's interest in the partnership as an assignee could be subject to a charging order. He said:

> [T]here is an element of confusion, and frankly, noncomprehension on the part of the Court where there appears there is a contingent or qualified equitable interest that floats out in the air, which, on one hand, could be construed by a finder of fact, that it is simply a ruse to avoid financial responsibility that Dr. Azzato has that is somehow participated in by other people, willfully.
>
> On the other hand, the facts could be quite the contrary, that he could just simply be a benevolent individual who pays money to everyone other than his former wife.

### The Issue

In view of the positions taken by the respective parties below, the undisputed facts, and our interpretation of the trial judge's language, we understand the sole issue on this appeal to be whether a partnership interest held by a judgment debtor who is not a partner but merely an assign-

---

**2.** Since appellee did not file a brief, we treat the facts as revealed in the record extract and appellant's brief as undisputed. *McHugh & Assoc. v. Commercial & Farmers Bank,* 59 Md.App. 519, 522, 476 A.2d 736 (1984).

ee of a partner in a general partnership is subject to a charging order in favor of a judgment creditor of the assignee. We hold that it is; accordingly, we will reverse the judgment appealed from and remand the case for further proceedings.

### Factual Background

We need not dwell upon the background facts. It is sufficient to note that as part of a divorce decree Dr. Azzato was ordered to pay alimony and support. That he failed to comply with the divorce decree is obvious from the fact that judgments were obtained against him for substantial arrearages. In an effort to locate assets from which those judgments could be satisfied, appellant took appellee's deposition. From it, and from an income tax return supplied by appellee, appellant discovered that Dr. Azzato owned an interest in a real estate partnership. His answers to questions propounded to him during the deposition indicated that he lacked any detailed knowledge of the partnership, such as the names of all of the partners and even whether it was a general or limited partnership. Since appellant did not investigate further, the allegations of the motion for charging order were also lacking in detail. The fact that Dr. Azzato had purchased and become an assignee of part of one partner's partnership share, however, was confirmed by an affidavit of one of the partners.[3]

### Statutory Authority For a Charging Order

What the appellee relied on to defeat appellant's claim is the language of § 9–505, which authorizes a "competent" court to subject a partnership interest to a charging order

---

**3.** The affidavit of Ben A. Williamowski avowed that he and one Curtis Dworkin had originally purchased the Murphy Tract as joint tenants; that after he (Williamowski) had transferred part of his interest to Jerome Bernstein and Dworkin had transferred part of his interest to Burt Lustine, the four co-owners formed a partnership; that although Bernstein had transferred or assigned part of his share to Dr. Azzato, Dr. Azzato was not a partner.

for the payment of a judgment debt. The statute provides that such an order may be issued on due application of a "judgment creditor of a *partner*"; and what is to be charged with payment of the debt is "the interest of the debtor *partner.*" (Emphasis added.) Appellee's contention is that the statute does not apply to him, to his interest in the partnership, or to appellant. Appellee is not a partner, merely the assignee of a partner. Therefore, appellant is not a proper applicant for a charging order since she is a judgment creditor of an *assignee*, not a *partner*. By the same token, the interest sought to be charged is that of an *assignee* rather than that of a *partner*.

What is before us, then, is a question of legislative intent. Did the Legislature intend that a partnership interest held by a partner may be subjected to a charging order upon the application of the partner's creditor but that the same interest, if held by an assignee of a partner, would not be similarly reachable by a creditor of the assignee? We are unwilling to give this statute such a narrow construction.

It has frequently been said that if the language of a statute is plain and unambiguous there is no need to look behind that language to interpret the statute. *Slate v. Zitomer*, 275 Md. 534, 539, 341 A.2d 789 (1975); *Department v. Greyhound*, 247 Md. 662, 669, 234 A.2d 255 (1967). That, however, is but one of several "contending canons of construction"; and in our search for legislative intent—the purpose, aim and policy of the legislation—we must look "at the words of the statute as 'controlled by the context in which they appear,' and as 'read in the light of other external manifestations of that purpose.'" *Carolina Freight Carriers v. Keane*, 311 Md. 335, 339, 534 A.2d 1337 (1988); *Kaczorowski v. City of Baltimore*, 309 Md. 505, 512, 514, 525 A.2d 628 (1987). Certainly, the Legislature did not intend an absurd result, and we should reject an interpretation that would produce one. *Coerper v. Comptroller*, 265 Md. 3, 6, 288 A.2d 187 (1972); *Pan Am. Sulphur v. State Dept.*, 251 Md. 620, 627, 248 A.2d 354 (1968).

In order to determine whether the assignee of a partner should be deemed to be a partner within the meaning of § 9–505, we look to see what partnership rights are acquired by assignment and what partnership rights are affected by a charging order.

### I

The property rights of a partner consist of (1) his right in specific partnership property; (2) his interest in the partnership; and (3) his right to participate in the management. § 9–501. A partner may convey or assign his partnership interest, but an assignment does not, of itself, dissolve the partnership or, except by agreement of the other partners, entitle the assignee, during the continuance of the partnership, to interfere in the management or administration of the partnership business or affairs, to require any information or account of partnership transactions, or to inspect the firm's books. All the assignee acquires is the right to receive the profits to which the assigning partner would have been entitled and, upon dissolution, to receive his assignor's interest. § 9–504. It is only the partner's interest in the partnership itself, the right to share in the profits and, upon dissolution, in the partnership assets, and not any interest in specific partnership property or the right to participate in management, that is assignable.

### II

The nature and extent of a partner's property rights are set forth clearly and succinctly by the Uniform Partnership Act. His interest in the partnership itself is a proportionate share of the property and surplus, which is personal property even if the assets of the firm are realty. § 9–503.

A partner's interest in partnership property is that of a tenant in partnership. § 9–502(a). He has no attachable or assignable interest in specific partnership property, § 9–502(a)(2) and (3), and his interest in the partnership itself is not subject to attachment or garnishment. A

creditor of an individual partner is not, however, totally without remedy. He can apply to a court for and obtain a charging order. The charging order leaves the partnership intact; it merely entitles the creditor to receive the debtor partner's share of any distribution of partnership profits or capital. The court may even appoint a receiver of the debtor partner's share of the profits or any other money due or to fall due to him in respect of the partnership. The receiver may do whatever the debtor partner could do by way of orders, directions, accounts, or inquiries. § 9–505.

## III

What is apparent from a reading of §§ 9–502, 9–503, 9–504 and 9–505, therefore, is that the rights and incidents of partnership which can be assigned by a partner are precisely the same rights and incidents of partnership which can be reached by a charging order: the right to share in a distribution of profits during the existence of the partnership and the right to a share of partnership capital upon dissolution.

In *Bank of Bethesda v. Koch,* 44 Md.App. 350, 354, 408 A.2d 767 (1979), we characterized a charging order as "neither an assignment nor an attachment ... [it] serves only the precise purpose statutorily indicated, *i.e.,* to 'charge' an interest with a debt." We there held that where a limited partner has previously assigned his partnership interest, there is no chargeable interest which can be reached by the *partner's* creditors.

We conclude, from the language of the statutes and from our holding in *Koch,* that an assignment of a limited partner's interest vests in the assignee an interest that may be "charged" with a debt. To summarize, the partnership rights and interests that are acquired by an assignee of a partner are the same rights that can be reached, through a charging order, by a judgment creditor of a partner. And when a partner assigns his interest, that interest is no longer chargeable to satisfy a claim of the

partner's creditor. Therefore, since a charging order is a legislatively created means by which a creditor can reach his debtor's partnership interest without destroying the partnership to the detriment of third parties unconnected with the debt, we would reach an absurd result were we to construe § 9–505 in such manner that the identical right to receive a share of partnership funds is chargeable in the hands of a partner but not in the hands of his assignee. Rejecting the construction of § 9–505 that would achieve such a result and thus do violence to what we perceive to be a clear legislative intent, we hold that a partnership interest assigned by a partner is subject to a charging order upon an application by a judgment creditor of the assignee.

JUDGMENT REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEE.