581 A.2d 449

**Stephen LEVENTHAL, et al.**

v.

**FIVE SEASONS PARTNERSHIP, et al.**

**No. 1946, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

Nov. 2, 1990.

Stephen Leventhal of Bethesda and Stephen Trattner, Washington, D.C., for appellants.

Robert J. Beagan and Jonathan A. Gerlach (Flinn & Beagan, on the brief), Vienna, Va., for appellees.

Before GARRITY, ALPERT and CATHELL, JJ.

CATHELL, Judge.

Appellants, Steven Leventhal and Steven Trattner, appeal from an order of the Circuit Court for Montgomery County dismissing with prejudice, and as final, their complaint against Five Seasons Partnership ("Five Seasons") which requested as relief the dissolution of that partnership.

Mr. Leventhal, a judgment creditor of Juan and Lelia Imas Gruner, obtained a charging order against the Gruners' interests in several partnerships; among them, Five Seasons. Mr. Trattner is a receiver appointed under that charging order. Five Seasons is a Maryland general partnership. Its partners are Spinelli, Kehiayan–Berkman, S.A. ("SKB"), an Argentine corporation the principals of which are foreign nationals, and Imas–Gruner, A.I.A., a Maryland partnership in which the Gruners are the sole partners.

The principals of SKB have overdrawn its capital account in Five Seasons by $300,000. In addition, the principals of SKB have received over $1,000,000 from Five Seasons which was not due them from the partnership. The attorney for Five Seasons, Robert Beagan, who is also counsel to Strathmore Limited Partnership ("Strathmore"), in which Five Seasons is a general partner, holds Strathmore funds in escrow which are owed to Five Seasons by Strathmore.

Appellants note in their brief that Five Seasons was ordered dissolved by the United States District Court for Maryland during other litigation between SKB and the Gruners. In addition, appellants note that Five Seasons should have been dissolved, pursuant to Md.Corps. & Ass'ns Code Ann., § 9–602 and § 9–603, as a result of the Gruners' bankruptcy, and because the partnership has no assets and can therefore carry on business only at a loss. Notwithstanding the several reasons why dissolution of Five Seasons should have, or could have occurred, SKB and its principals continue to operate Five Seasons, thus avoiding repayment of the sums which they owe to Five Seasons.

Md.Corps. & Ass'ns Code Ann. § 9–611 provides that, in settling accounts between partners after a dissolution, the partners must contribute funds sufficient to cover all debts to creditors other than partners, debts to partners other than capital and profits, and capital and profits due to partners. Upon the dissolution of Five Seasons, therefore, the principals in SKB will have to repay the overdraft which they created in Five Seasons' capital account, as well as the sum they took from Five Seasons without entitlement. Mr. Beagan will be required to repay the sum which Strathmore owes to Five Seasons.

The court has appointed Mr. Trattner, as Receiver, to stand in place of the Gruners with regard to money due them from Five Seasons. Mr. Leventhal, as a judgment creditor and lienholder of Mr. and Mrs. Gruner, stands in their places as a creditor of Five Seasons. Mr. Trattner and Mr. Leventhal filed a complaint in Montgomery County Circuit Court, requesting that the court order dissolution of Five Seasons, to wind up the partnership business pursuant to the ordered dissolution, including requests for accounting, repayment of excess capital, and reimbursement of improperly removed funds. Five Seasons and the principals of SKB filed a motion to dismiss for failure to state a claim upon which relief could be granted. At a hearing on the motion to dismiss, the trial judge opined:

I will grant the motion to dismiss—judgment in favor of the Defendants with the understanding that I am doing so based upon the fact that in Maryland the procedure allows you to have a charging order.

You charge the interest of that partner in the partnership and you can proceed under the charging order. If there is money owed under the charging order and—recoup the money or bring it in in behalf of the partner against whom you have the judgment, you can do it under—separate action.

Appellants allege error on the part of the trial judge in granting the motion to dismiss with prejudice. We agree that the dismissal of the action was error.

Appellants present several questions for our review relating, inter alia, to the standing of a receiver and a person holding a charging order to: (1) bring an action to dissolve and wind up that partnership; (2) request an accounting; and, (3) bring an action against other partners for conversion. As support for their position that they are entitled to petition the court for the dissolution and winding up of the business of Five Seasons, appellants cite case law from Pennsylvania and California. They further cite *Rector v. Azzato*, 74 Md.App. 684, 539 A.2d 1162 (1988).

We said in *Rector*, at 691, 539 A.2d 1162, "[t]o summarize, the partnership rights and interests that are acquired by an assignee of a partner are the same rights that can be reached, through a charging order, by a judgment creditor of a partner." We further stated [74 Md. App.] at 691, 539 A.2d 1162, "[t]he court may even appoint a receiver.... The receiver may do whatever the debtor partner could do by way of orders, directions, accounts, or inquiries. § 9–505." In the case at bar, Stephen Trattner is a receiver appointed under the charging order. He thus stands in the shoes of the debtor and is entitled to do that which the debtor/partner could have done.

Md.Corps. & Ass'ns Code Ann. § 9–602 (1985 Repl. Vol.) provides that among the causes for dissolution is the

bankruptcy "of any partner or the partnership" or "[b]y decree of court under Section 9-603." Section 9-603 provides that a court may decree a dissolution whenever

(2) A partner has been guilty of such conduct as tends to affect prejudicially the carrying on of the business;

\* \* \* \* \* \*

(5) The business of the partnership can only be carried on at a loss; or

(6) Other circumstances render a dissolution equitable.[1]

Section 9-608 states:

Unless otherwise agreed, the partners who have not wrongfully dissolved the partnership or the legal representative of the last surviving partner, not bankrupt, has the right to wind up the partnership affairs; provided, however, that any partner, his legal representative, or his assignee, upon cause shown, may obtain winding up by the court.

Section 9-609 states in part: "When dissolution is caused in any way ... each partner ... may have the partnership property applied to discharge its liabilities, and the surplus applied to pay in cash the net amount owing to the respective partners."

Thus, we hold, as we held in *Rector*, that the receiver in the case at bar stands in the shoes of the debtor/partner subject to the charging order. He thus has the right, under the circumstances of this case, to seek further court action in respect to dissolution and the winding up of the affairs of Five Seasons Partnership.

We note, additionally, that a provision of Maryland's Uniform Partnership Act, Md.Corps. & Ass'ns Code Ann. § 9-603(b) provides that a person holding a charging order may petition the court for dissolution of the partnership. That section provides:

---

1. We note that Five Seasons Partnership has already been ordered to dissolve by the United States District Court.

(b) *Application of purchaser of interest.*—On the application of the purchaser of a partner's interest under §§ 9–504 or 9–505 [2], the court *shall* decree a dissolution:

(1) After the termination of the specified term or particular understanding;

(2) At any time if the partnership was a partnership at will when the interest was assigned or when the charging order was issued. [emphasis added]

Section 9–603(a) and (b) and our holding in *Rector* make it clear that Mr. Leventhal, as the holder of a charging order against Five Seasons and Mr. Traftner as a receiver appointed pursuant to that charging order, are entitled to petition the circuit court for dissolution of the partnership and the winding up of its affairs. We must therefore remand the matter to the trial court for a determination as to whether such a dissolution and/or winding up is in order.

In light of our decision, we need not further address the remaining questions presented by either appellants or appellees.

JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY REVERSED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY APPELLEES.

---

**2.** Section 9–505 of Maryland's Uniform Partnership Act is the section providing for the issuance of a charging order.