[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the post-judgment motion of the plaintiff, Madison Hills Limited Partnership II, to charge the partnership interest of the defendant, Madison Hills, Inc., CT Page 2350 with payment of the unsatisfied amount of a judgment obtained by the plaintiff against the defendant. Madison Hills, Inc. is a general partner of the plaintiff partnership, and the relief sought is authorized by 34-30 and 34-66 C.G.S.
The latter statute, a section of Connecticut's Uniform Partnership Act that does not appear to have been applied by any Connecticut court in any reported decision, provides as follows:
 (1) On due application to a competent court by any judgment creditor of a partner, the court . . . may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon . . . (2) The interest charged may be redeemed at any time before foreclosure, or in case of a sale being directed by the court may be purchased without thereby causing a dissolution. . . .
Judgment entered on June 26, 1991, against Madison Hills, Inc. and others in a suit on a note brought by Madison Hills Limited Partnership, Inc. The amount of the judgment was $169,228.13. The judgment has been reduced through execution on assets in the amount of $9,828.74. Addition of accrued interest brings the amount now due to $186,841.54 as of March 2, 1993.
The partnership was formed to acquire and develop a large tract of land lying partly in Madison and partly in Guilford. The partnership agreement, which was executed on August 26, 1986, provided that Madison Hills, Inc. and Blakeslee Partners, Inc. ("BPI") were the general partners, and named several other persons and entities as limited partners. The agreement, at 4.03, obligated BPI and the limited partners to loan the partnership $1,450,000.00 as needed to meet the partnership's obligations, and the agreement further provided that in the event of need for additional funds, the partners would make loans in proportion to their percentage interest in the partnership. The agreement further provided that if a partner failed to make his percentage loan within the specified time, he would be a defaulting partner, whose share of any call for funds could be made up by other partners, with a resulting recalculation of the percentage interest of each partner based on such contribution. CT Page 2351
The agreement specified that Madison Hills, Inc. was to be the managing general partner initially, but that it was subject to being replaced if it failed to obtain, by a stated date, all federal, state and local permits necessary for commencement of construction of the improvements specified by the partnership's business plan. The managing general partner was paid $10,000.00 per month for its services. It failed to obtain all such permits and was replaced as managing general partner by BPI in early 1990.
Initially, Madison Hills, Inc. held a percentage interest of 50%, and BPI, the other general partner, held an interest of 10.772%. BPI made the required portion of the $1,450,000.00 loan to the partnership and continued to make payments to meet the obligations of the partnership, to the extent of $2,863,000.00. Since Madison Hills, Inc. made no contribution in proportion to its percentage share, by operation of the provisions of the partnership agreement, its share decreased, such that it was 11.6826% at the end of 1992, as calculated by the partnership's accountant, William Pallman.
Madison Hills, Inc. claims that its percentage interest should not have been reduced because the $2.8 million contributed by BPI was a voluntary loan. Section 4.03 provides broadly at subsection (d) that any funds expended by a partner to further partnership interests shall be credited against the respective partner's capital contribution and loan obligations. The court was presented with no evidence to suggest that the funds advanced by BPI were not necessary to further the partnership's interests, and it is undisputed that Madison Hills, Inc. did not assume its percentage of the needed supplemental loans when it was formally asked to contribute in July 1990 (Ex. C). Accordingly, the court finds that the diminution of the percentage share of Madison Hills, Inc., to 11.6826% was in accordance with the partnership agreement.
The property owned by the partnership consists of 822 acres. The partnership's accountant has reported the value of this land to the Internal Revenue Service as $2,169,081.00 as of December 31, 1992. An appraiser, Donald Blauvelt, testified that the value of the land is $5,350,000.00. While the defendant argues that the appraiser has failed to add to his valuation the sums expended in pursuit of permits and development authorization, the court finds that the appraiser's valuation was reached upon the basis of comparisons with sales of large parcels of land with CT Page 2352 roughly equivalent status with regard to development. It was undisputed that the partnership's land has not, in fact, been approved for development as a golf course with clustered residential units, and comparison on the basis of conventional development within the applicable residential zoning category was therefore warranted. The court does not find that all sums spent in development efforts in fact add corresponding value to the property.
The court finds that the 11.6826% partnership interest of Madison Hills, Inc. in Madison Hills Limited Partnership should be and hereby is, charged with the amount of the judgment stated above, such that any distributable partnership profits which would otherwise be made to Madison Hills, Inc. should be retained by the plaintiff partnership until said judgment is satisfied. See, City of Arkansas City v. Anderson, 752 P.2d 673 (Kans. 1988); Rector v. Azzato, 539 A.2d 1162 (1988).
The plaintiff seeks immediate foreclosure of the interest of the defendant against which the charging order has been entered. The court does not find that 36-66 C.G.S., which corresponds to 28 of the Uniform Laws Annotated, Uniform Partnership Act, authorizes immediate foreclosure, in that subsection (2) of that statute states that "[t]he interest charged may be redeemed at any time before foreclosure. . .", a provision that suggests that a partner whose partnership interest has been subjected to a charging order should have an opportunity to redeem prior to foreclosure by paying the amount charged, that is, in this case, $186,841.54.
Since it does not appear, on the basis of the reported assets and liabilities of the partnership, that any distributions of the partnership to the defendant will be available to satisfy the judgment, such that an order requiring distributions to be paid to the plaintiff would be meaningless, the court hereby orders that the defendant's interest in the partnership shall be foreclosed on April 15, 1993 to satisfy the judgment if the charge against the defendant's partnership interest is not redeemed on or before that date.
Beverly J. Hodgson Judge of the Superior Court CT Page 2353